[Cite as *State v. Gray*, 2014-Ohio-3139.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100492**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JIMMIE GRAY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-91-272746

**BEFORE:** Rocco, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 17, 2014

**ATTORNEY FOR APPELLANT**

Allison S. Breneman
1220 West 6th Street
Suite 303
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Daniel T. Van
Assistant County Prosecutor
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Jimmie Gray appeals from the trial court's judgment entry classifying Gray as a sexual predator under former R.C. 2950.09. We conclude that the trial court's classification is not against the manifest weight of the evidence, and so we affirm the final judgment.

{¶2} On November 20, 1991, Gray was indicted in Cuyahoga County for 27 counts of raping his 8-year-old stepdaughter. Gray was not apprehended and he went to Columbus. While in Columbus, in March 1994, Gray's 6-year-old second cousin reported that Gray had raped her and threatened to whip her if she told anyone what had happened. Gray was arrested in Columbus, and he told the police during an interview that he had been involved in a sexual assault in Cleveland four or five years earlier, but that he had not been charged with anything. Gray reported to the police that the case involved a 16-year-old. Gray pleaded guilty to attempted rape in Franklin County and, on June 29, 1994, he was sentenced to a prison term of 3 to 15 years. Gray was then transported to Cuyahoga County where, on October 20, 1994, he pleaded guilty to rape in the 1991 case. In that case, Gray was sentenced to a prison term of 7 to 25 years.

{¶3} On September 20, 2013, a hearing was held in the Cuyahoga County Court of Common Pleas to determine whether Gray was a sexual predator. Prior to the hearing, the trial court was provided with a copy of the sexual predator evaluation that was completed by Dr. Aronoff of the Court Psychiatric Clinic, dated July 31, 2013. Dr. Aronoff administered to Gray the ABEL Assessment and the Static-99 ("the Assessments"). Dr. Aronoff concluded that although Gray had a history of sexual

offenses involving children, Gray did not currently present with the risk factors most significantly correlated with sexual offense recidivism. The results of the Assessments were based, in part, on Gray's self-reporting to Dr. Aronoff. Gray told Dr. Aronoff that he attempted to have sexual contact with the victims on one occasion each. In contrast, Gray's stepdaughter had reported that Gray had raped her numerous times.

{¶4} The Static-99 results placed Gray at a moderate-high risk category, a moderate-low risk category, or a low risk category, depending on whether the two sexual offense cases were considered separately or considered as an index cluster, and depending on whether one used the original norms or the new norms that were developed in 2009.

{¶5} In the ABEL Assessment, Gray was shown pictures of different age females and asked whether he found the images sexually arousing. Based on Gray's self-reporting and by measuring how long Gray looked at a particular image, Dr. Aronoff concluded that Gray exhibited a significant sexual interest in adolescent and adult females, that it is normal for adult test subjects to display interest in adolescents, and that Gray did not exhibit a sexual interest in young girls.

{¶6} Dr. Aronoff's report included a provisional diagnosis of pedophilia. Again, the provisional diagnosis was based, in part, on Gray's self-reporting that he had or attempted to have sexual contact with the victims on only one occasion each.

{¶7} The trial court also considered Gray's record from the State of Ohio Department of Rehabilitation and Correction. Beginning in 2010, when he became eligible for parole, Gray participated in sex offender programs while in prison.

{¶8} After hearing the evidence, the trial court determined that clear and convincing evidence supported its conclusion that Gray was likely to engage in future sexually oriented offenses. The trial court, therefore, found Gray to be a sexual predator pursuant to R.C. 2950.09(C).

{¶9} Gray now appeals and sets forth a single assignment of error for our review:

> The trial court abused its discretion by classifying Gray as a sexual predator, because its decision was not supported by clear and convincing evidence.

For the reasons that follow, we overrule the assignment of error.

{¶10} A "sexual predator" is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Because the offenses in this case occurred prior to the enactment of Ohio's Adam Walsh Act, the trial court applied Megan's Law, former R.C. 2950.09, in deciding whether Gray should be classified as a sexual predator. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. R.C. 2950.09(C) applies to offenders who, like Gray, "'(1) were convicted or entered a plea of guilty to a sexually oriented offense prior to January 1, 1997; (2) were sentenced for the sexually oriented offense prior to January 1, 1997; and (3) were serving a term of imprisonment in a state correctional facility on or

after January 1, 1997.'" *State v. Cole*, 8th Dist. Cuyahoga No. 96687, 2011-Ohio-6283, ¶ 13, quoting *State v. Wilson*, 8th Dist. Cuyahoga No. 77530, 2000 Ohio App. LEXIS 4996 (Oct. 26, 2000).

**{¶11}** If the department of rehabilitation and correction determines that the offender should be adjudicated a sexual predator, it must notify the court that sentenced the offender. R.C. 2950.09(C)(1)(b). The court then conducts a hearing to determine whether to classify the offender as a sexual predator. R.C. 2950.09(C)(2)(a). At the hearing, the court must consider all relevant factors, including the following:

> the offender's age, the offender's criminal record, the victim's age, whether there were multiple victims, whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting, whether the offender has participated in available programs for sexual offenders, any mental illness or mental disability of the offender, the nature of the offender's conduct with the victim and whether that conduct was part of a demonstrated pattern of abuse, whether the offender displayed cruelty during the commission of the crime, and any other behavioral characteristics that contributed to the offender's conduct.

*State v. Vanek*, 8th Dist. Cuyahoga No. 89125, 2007-Ohio-6194, ¶ 6, citing R.C. 2950.09(B)(3). *See also* R.C. 2950.09(C)(2)(c) (explaining that the court should conduct the hearing in the manner set forth under R.C. 2950.09(B)). Although the trial court should indicate which evidence and relevant factors it relied on in making its determination, it is not required to list the factors or to find that all of the factors are satisfied before it can adjudicate an offender a sexual predator. *Vanek* at ¶ 7.

**{¶12}** While the trial court's determination must be based on clear and convincing evidence, this court reviews the trial court's decision under the civil

manifest-weight-of-the-evidence standard.  *Id.* at ¶ 7-8.  Under this standard, we must affirm the trial court so long as its findings are supported by some competent, credible evidence.  *Id.* at ¶ 8, quoting *Wilson* at syllabus.  And we presume that the trial court's findings are correct.  *Id.*

{¶13} In this case, the trial court determined that the following factors were weighted in favor of adjudicating Gray as a sexual predator: Gray's criminal history; the victim's ages; the fact that there were multiple victims; the nature of the conduct, contact, or interaction with the victim and whether the offender engaged in a pattern of abuse with the victim; and under other behavioral characteristics that contribute to the offender's conduct, the trial court found that Gray had failed to accept responsibility.  A review of the record leads us to conclude that the trial court's findings are supported by competent, credible evidence.  The trial court stated that it considered the relevant factors; it then proceeded to articulate each factor, to set forth the evidence that pertained to that factor, and it then determined whether that factor weighed in favor of adjudicating Gray a sexual predator.

{¶14} Gray argues that the trial court erred in how it weighed the factor pertaining to the offender's age.  He argues that, at 53 years old, this factor militated against the sexual predator finding.  First, the trial court did not weigh this factor in favor of classifying Gray as a sexual predator; rather, it determined that Gray's age was of little consequence.  After noting Gray's age, the trial court stated that "although courts have recognized that sex offenders generally become less likely to re-offend as they age," there

is "anecdotal evidence in the form of case law [that] would suggest that offenders [Gray's age] maintain a risk of reoffending." Tr. 48. In support of this proposition, the trial court cited to *State v. Fears*, 10th Dist. Franklin No. 04AP-1164, 2005-Ohio-2960, ¶ 7-8 In that case, the defendant, like Gray, was in his mid-fifties and had committed the sex crimes in his early thirties. The court of appeals concluded that "[w]ithout some evidence regarding appellant's particular attributes, history, and circumstances, and how they relate to his age, we find this general principle [that the risk of reoffending declines as one ages] of little help." *Id.* at ¶ 7. We agree. The fact that Gray is in his middle years is not, in itself, revealing as to whether he is likely to engage in the future in one or more sexually oriented offenses.

{¶15} Gray next argues that the trial court erred in how it weighed the factor pertaining to Gray's criminal record. The trial court noted under the criminal history factor that Gray was charged with 27 counts of rape in Cuyahoga County and then fled to Columbus, where he lied to those investigating the Franklin County sexual assault case. Gray points out that his entire criminal record consists of the Cuyahoga County case and the Franklin County case, and that the trial court was not allowed to consider those cases under this factor. We disagree. The statute provides that, at the hearing, the trial court shall consider "[t]he offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses." R.C. 2950.03(B)(3)(b). At the time of the hearing in 2013, Gray's 1994 convictions in the Cuyahoga and Franklin county

cases constituted his prior criminal record. The trial court could consider those convictions in weighing this factor.

{¶16} Next, Gray argues that the trial court erred in its application of the R.C. 2950.09(B)(3)(h) factor, which requires the trial court to consider "[t]he nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether" that conduct, contact, or interaction, "was part of a demonstrated pattern of abuse." Here Gray takes issue with the trial court's consideration of hearsay statements made by one of the victims nineteen years ago regarding how Gray raped her over the course of several months every time her mom went to work. Gray also asserts that the trial court was overly concerned about what happened in the past instead of focusing on whether Gray would re-offend in the future.

{¶17} Gray's argument is without merit. First, this factor explicitly directs the trial court to look back at the offender's past contact with the victim. Second, the Rules of Evidence do not apply to sexual predator determination hearings, so the trial court may consider reliable hearsay evidence. *See State v. Edwards*, 8th Dist. Cuyahoga No. 89181, 2007-Ohio-6068, ¶ 6, citing *State v. Shahan*, 4th Dist. Washington No. 02CA63, 2003-Ohio-6945. The victim's statements contained in police reports were the only available statements contemporaneous with the events underlying the charges. No sworn trial testimony existed because Gray pleaded guilty. The trial court did not err in considering these statements.

{¶18} Gray also asserts that the trial court erred by determining that the sex offense involved multiple victims. Under R.C. 2950.03(B)(3)(d), the trial court shall consider "[w]hether the sexually oriented offense for which sentence is to be imposed involved multiple victims." The underlying action in this case involves the Cuyahoga County case. In that case, there was only one victim. Although Gray committed another sexually oriented offense involving another victim, the plain language of R.C. 2950.03(B)(3)(d) is focused only on the crime "for which sentence is to be imposed." Accordingly, the trial court erred in concluding that the offense involved multiple victims. However, under the criminal history factor, the trial court could consider the fact that, over time, Gray engaged in more than one sexually oriented offense with different victims. The trial court could also consider the fact that Gray was involved in two sexually oriented offenses involving young girls under the pattern of abuse factor. *See State v. Shelton*, 8th Dist. Cuyahoga No. 83289, 2004-Ohio-5484,

¶ 39. Because there was no harm in considering this evidence under these other factors, there is no reversible error. *See id.*

{¶19} Finally, Gray argues that the trial court erred because the Assessments indicated that Gray had a low risk of re-offending. The trial court considered the Assessments in reaching its determination. The trial court noted that the results of the Assessments were based, in part, on Gray's self-reporting and noted the discrepancies between what Gray reported to Dr. Aronoff and what was revealed by the other evidence. Moreover, although Gray's statistical risk of reoffending under the Static-99 appears to

be on the lower end of the spectrum, "'the utility of the Static-99 evaluation as a diagnostic tool for individual risk assessment is open to question.'" *State v. Ellison*, 8th Dist. Cuyahoga No. 78256, 2002-Ohio-4024, ¶ 9. In *Ellison*, we explained:

> The [Static-99] evaluation merely performs an actuarial assessment of an offender's chances of reoffending. *See State v. Colpetzer*, Cuyahoga App. No. 79983, 2002-Ohio-967. While actuarial risk assessments are said to outperform clinical risk assessments, actuarial assessments do not, and cannot, purport to make a prediction of a particular offender's future conduct. In fact, the use of an actuarial assessment could arguably be at odds with Ohio's statutory scheme. R.C. 2950.01(E) and R.C. 2950.09(B) require a determination that the offender is likely to engage in the future in one or more sexually oriented offenses. This is an individualized determination for a particular offender. The STATIC-99 cannot purport to make an individualized assessment of future conduct any more than a life expectancy table can provide a accurate prediction of a particular individual's longevity.

*Id.* It follows that while the trial court could consider the Static-99 results, it was not required to defer to those results when weighing the statutory factors.

{¶20} For the aforementioned reasons, we overrule the sole assignment of error. The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR