**The STATE of Ohio, Appellee,**

v.

**TAOGAGA, Appellant.**

[Cite as *State v. Taogaga,* 165 Ohio App.3d 775, 2006-Ohio-692.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 86015.

Decided Feb. 16, 2006.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Jon W. Oebker, Assistant Prosecuting Attorney, for appellee.

Richard Agopian, for appellant.

SEAN C. GALLAGHER, Judge.

{¶ 1} Appellant, Max Taogaga, appeals for the fifth time [1] his sentence arising out of his conviction for one count of aggravated burglary, seven counts of kidnapping, and two counts of aggravated robbery arising out of an incident that

[1]. *State v. Taogaga* (Dec. 2, 1999), Cuyahoga App. No. 75055, 1999 WL 1084256 (*"Taogaga I"*); *State v. Taogaga* (Dec. 11, 2000), Cuyahoga App. No. 75055, 2000 WL 1871749 (*"Taogaga II"*); *State v. Taogaga,* Cuyahoga App. No. 79845, 2002-Ohio-5062, 2002 WL 31122774 (*"Taogaga III"*); *State v. Taogaga,* Cuyahoga App. No. 83505, 2004-Ohio-5594, 2004 WL 2361982 (*"Taogaga IV"*).

occurred on January 7, 1996. Taogaga raises five assignments of error arising from his latest resentencing, conducted on January 26, 2005. For the reasons outlined below, we vacate the sentence imposed and remand the cause for resentencing.

{¶ 2} This case has a long and tortured history, which is outlined, in part, from this court's prior ruling, its fourth, in *State v. Taogaga*, Cuyahoga App. No. 83505, 2004-Ohio-5594, 2004 WL 2361982, ¶ 3 ( *"Taogaga IV"*):

On January 7, 1996, then 46–year–old Taogaga acted as a getaway driver for three others who broke into a home they mistakenly believed to be that of a bookmaker. The men held nine occupants of the home at gunpoint while they searched for money and, when they found none, they robbed the occupants. A jury found Taogaga guilty of one count of aggravated burglary, two counts of aggravated robbery, and seven counts of kidnapping, but it acquitted him of firearm specifications on all counts.

{¶ 3} It is important to note that the offenses that form the basis of this appeal occurred before the effective date of the sentencing reforms enacted in 1996.[2] Nevertheless, Taogaga was initially sentenced under the sentencing provisions outlined under Senate Bill 2. At that time, Taogaga accepted the judge's offer to sentence him under the reformed provisions, and the judge imposed eight-year prison terms on each of the nine counts. The sentences for the seven kidnapping counts were to be served consecutively, resulting in an aggregate prison term of 56 years.

{¶ 4} While the verdicts and the sentences were affirmed on direct appeal, *Taogaga I*, the appeal was later reopened under App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, after the court found that Taogaga should have been sentenced under the law that existed at the time the offenses were committed and that Taogaga's appellate counsel was ineffective for failing to raise the issue, *Taogaga II*.

{¶ 5} Before the reopened appeal was properly dismissed, the trial court judge resentenced Taogaga under the prior law to an aggregate prison term of 15 to 40 years. This sentence was vacated on appeal because the trial court did not have jurisdiction to resentence Taogaga while another appeal was pending. In the course of this appeal, the appellate court also dismissed the appeal that had been reopened and remanded the case for resentencing. *Taogaga III*.

{¶ 6} Following that remand, on August 26, 2003, the judge imposed prison terms of eight to 25 years on the aggravated burglary and aggravated robbery counts, and seven to 15 years on each of the kidnapping counts. The judge

---

2. Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136 ("Senate Bill 2").

ordered one of the kidnapping sentences to be served consecutively to the prison terms for the other offenses, a decision resulting in an aggregate prison term of 15 to 40 years.

{¶ 7} A fourth appeal then followed, and this court vacated the sentence imposed on August 26, 2003, and remanded the matter for yet another resentencing. This court found that Taogaga was given a harsh sentence because he chose to go to trial rather than accept a plea. In addition, this court held that it was an abuse of discretion by the trial judge not to consider Taogaga's prison record when reimposing a sentence on the offender. This court noted:

> In this case, the principal actors were allowed to plead guilty and testify against an aider and abettor, and the judge then imposed a harsher sentence on the abettor because of testimony concerning the cruelty of the principals' conduct. This consequence, coupled with the judge's comments, suggests that Taogaga was sentenced for his decision to go to trial, rather than for the extent of his participation in the offense.
>
> * * *
>
> * * * The judge cited Taogaga's failure to accept responsibility, or at least his delay in accepting responsibility, as an aggravating factor in sentencing and, ironically, she also used Taogaga's "lack of insight," as reported in the August 2003 psychological assessment, as an aggravating factor. Therefore, it appears that the judge's "time of the offense" criterion was not uniformly applied, but was instead used selectively to exclude mitigating evidence. The judge's statement that she was not required to consider Taogaga's conduct in prison was an abuse of discretion.

*Taogaga IV,* 2004-Ohio-5594, 2004 WL 2361982 ¶ 19–29.

{¶ 8} On remand, the trial court resentenced Taogaga on January 26, 2005. The court imposed the same sentence of 15 to 40 years that it had imposed earlier at the August 23, 2003 sentencing. At this sentencing, the trial court noted that it did not punish Taogaga for going to trial and indicated that it did consider his prison record in response to the appellate court ruling in *Taogaga IV.* Further, the trial court noted that its sentence was a reduction from the original sentence of 56 years. The current appeal followed.

{¶ 9} In this appeal, Taogaga has raised five assignments of error for our review. The assignments of error are as follows:

{¶ 10} "I. The trial court erred in sentencing the appellant without providing the appellant his right to allocution."

{¶ 11} "II. The trial court abused its discretion in failing to consider pre-Senate Bill 2 guidelines which would have dictated imposing a shorter sentence."

{¶ 12} "III. The trial court erred in imposing the exact same sentence that this honorable court previously found to be an abuse of discretion."

{¶ 13} "IV. The trial court erred in failing to conduct an independent sentencing hearing on remand."

{¶ 14} "V. The trial court erred in imposing a consecutive prison term where the kidnapping offense should have merged with the greater offenses."

{¶ 15} We will address the fifth assignment of error, as we find merit in the error raised and believe it is dispositive of this appeal.

{¶ 16} In the fifth assignment of error, Taogaga essentially argues that the kidnapping counts should have merged with the aggravated-burglary and aggravated-robbery offenses as allied offenses of similar import. The state asserts that the doctrine of res judicata applies and bars litigation on this claim.

{¶ 17} The state claims that Taogaga failed to raise this issue in his initial appeal, *Taogaga I,* and, therefore, the doctrine of res judicata applies. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. *State v. Cole* (1982), 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169.

{¶ 18} In this case, the prior sentencing was vacated on three prior occasions. We acknowledge that this appeal was initially reopened as a result of an ineffective-assistance-of-counsel claim pursuant to App.R. 26(B), as outlined in *Taogaga II.* Nevertheless, that appeal was subsequently dismissed and the case was remanded for resentencing as outlined in *Taogaga III.* On remand, the court once again vacated the sentence that had been imposed. Because the sentence was vacated in its entirety, the sentence was a nullity and the court was required to impose a new sentence in accordance with this court's opinion in *Taogaga III.* Thus, any issues arising from the current resentencing were not available on direct appeal and are not subject to res judicata, as they could not have been previously asserted. The previous sentences in this case were vacated and treated as if they did not occur. See *State v. Abner,* Cuyahoga App. No. 81023, 2002-Ohio-6504, 2002 WL 31667660.

{¶ 19} Because issues pertaining to the resentencing in this case are not subject to the doctrine of res judicata, we shall proceed to address Taogaga's argument that the trial court failed to merge the kidnapping offenses with the greater offenses and erred in ordering one of the kidnapping counts to be served consecutively to the prison terms for the other offenses. It does not appear that the defense raised this issue before the trial court. Therefore, Taogaga has

waived all but plain error. See *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845. Plain error is an obvious error or defect in the trial court proceeding that affects a substantial right. *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894. The plain-error rule is to be invoked only in exceptional circumstances to avoid a miscarriage of justice. *State v. Long* (1978), 53 Ohio St.2d 91, 95, 7 O.O.3d 178, 372 N.E.2d 804. We find this to be such an exceptional case.

{¶ 20} In *State v. Logan* (1979), 60 Ohio St.2d 126, 14 O.O.3d 373, 397 N.E.2d 1345, syllabus, the Supreme Court of Ohio stated the following:

In establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus as to each pursuant to R.C. 2941.25(B), this court adopts the following guidelines:

(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.

{¶ 21} Kidnapping and robbery are allied offenses of similar import when the restraint of the victim is merely incidental to the crime of robbery. Id. at 130–131, 14 O.O.3d 373, 397 N.E.2d 1345; *State v. Jones* (Dec. 10, 1992), Cuyahoga App. No. 61279, 1992 WL 369257; *State v. Burks* (Aug. 29, 1991), Cuyahoga App. No. 58975, 1991 WL 174193. Kidnapping is separate and distinct from the crime of aggravated robbery when the kidnapping protrudes from the facts of the case and, in such case, a separate animus is thus established. *Jones,* supra, citing *State v. Golphin* (Jan. 24, 1991), Cuyahoga App. No. 57870, 1991 WL 6469.

{¶ 22} In this case, the facts in the record before us are somewhat limited. On January 7, 1996, Taogaga was the driver for three other men who burglarized a home in North Royalton in the hope of robbing a bookmaker. Once inside the home, they held nine people at gunpoint and ransacked the place looking for money. When they did not find the expected hoard of cash, they stole the money the people had on them. They then signaled Taogaga on a cellular telephone and escaped. See *Taogaga II.*

{¶ 23} There is nothing in the record that indicates that the victims were moved from the residence or were subjected to a greater risk of harm beyond

that already created by the factors involved in the commission of the aggravated robbery and aggravated burglary offenses. The Supreme Court of Ohio in *Logan*, 60 Ohio St.2d at 131, 14 O.O.3d 373, 397 N.E.2d 1345, noted that "when a person commits the crime of robbery, he must, by the very nature of the crime, restrain the victim for a sufficient amount of time to complete the robbery." The court noted that "without more, there exists a single animus, and R.C. 2941.25 prohibits convictions for both offenses." Id. at 132, 14 O.O.3d 373, 397 N.E.2d 1345.

■ {¶ 24} Because of the limited facts in the record regarding any additional harm to the victims, we find that this case is distinguishable from our recent holding in *State v. Williams*, Cuyahoga App. No. 85327, 2005-Ohio-3715, 2005 WL 1707016, in which we held that the offenses of robbery and kidnapping were not allied offenses of similar import. In *Williams*, the victims, including a nine-month-old baby, were restrained with duct tape by the assailants and left to free themselves. Likewise, in *State v. Stadmire*, Cuyahoga App. No. 81188, 2003-Ohio-873, 2003 WL 549912, we declined to find that the offenses of aggravated robbery and kidnapping merged where the offenders forcibly restrained the victim in her car for more than four hours and drove her to several locations while she was duct-taped, bound, and buried under blankets in the back seat. Here, the facts, as outlined in the record before us, do not justify finding a separate animus for the kidnapping offenses. We find that, under the facts of this case, no separate animus existed that would independently support the convictions for kidnapping. The kidnapping offenses should have merged into the aggravated-robbery convictions pursuant to R.C. 2941.25. We also find that there was plain error affecting Taogaga's substantial rights, since he was sentenced to a consecutive term on one of the kidnapping offenses. See *Yarbrough*, 104 Ohio St.3d at 17, 2004-Ohio-6087, 817 N.E.2d 845.

{¶ 25} We note that the analysis here is limited to the facts in this case. In accordance with the above analysis, we vacate the sentence imposed, find the convictions on the kidnapping offenses merge under R.C. 2941.25 into the aggravated-robbery convictions, and remand the cause for resentencing.

{¶ 26} The remaining assignments of error, I through IV, are dismissed as moot. However, we note that we are concerned that Taogaga, who was an abettor to the offenses, has been repeatedly sentenced by the trial court to a greater sentence than his codefendants. We remind the trial court that in resentencing Taogaga, the court is to comply with the mandates issued in our prior opinions in this case.

Sentence vacated
and cause remanded.

CELEBREZZE, P.J., and KARPINSKI, J., concur.