[Cite as *State v. Bonneau*, 2013-Ohio-5021.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99437**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PAUL BONNEAU

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-545066

**BEFORE:** Keough, J., Rocco, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** November 14, 2013

**ATTORNEY FOR APPELLANT**

John F. Corrigan
19885 Detroit Road, #335
Rocky River, OH 44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Daniel T. Van
Christopher D. Schroeder
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Defendant-appellant, Paul Bonneau, appeals from the trial court's resentencing. We affirm.

## I. Background

**{¶2}** Bonneau was indicted in an eight-count indictment. Counts 1, 2, and 3 charged gross sexual imposition in violation of R.C. 2907.05(A)(1) against victim M.S.; Count 4 charged the kidnapping of M.S. with a sexual motivation specification in violation of R.C. 2905.01(A)(4). Counts 5, 6, and 7 of the indictment charged gross sexual imposition in violation of R.C. 2907.05(A)(1) against victim A.F.; Count 8 charged the kidnapping of A.F. with a sexual motivation specification in violation of R.C. 2905.01(A)(4). After amendment, the indictment charged that the offenses against M.S. occurred June 1, 1994 to August 31, 1994 and the offenses against A.F. occurred February 1, 2005 to February 28, 2005.

**{¶3}** The matter proceeded to trial. The jury found Bonneau guilty of Counts 1, 2, 3, and 4 (the offenses against M.S.) and not guilty of Counts 5, 6, 7 and 8 (the offenses against A.F.). The trial court sentenced him to six months each on Counts 1 and 2 and, after merging Count 3 into Count 4, to three years; all counts to run concurrent, for an aggregate term of three years incarceration. The court also found that Bonneau was a sexually oriented offender under Megan's Law and ordered him to report once a year for ten years.

{¶4} Bonneau appealed his convictions. In his first assignment of error, he argued that the trial court had erred in denying his motion for relief from prejudicial joinder. In his second and third assignments of error, he argued that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. This court affirmed Bonneau's convictions, finding that joinder of the offenses in a single indictment was proper and that Bonneau's convictions for gross sexual imposition and kidnapping were supported by sufficient evidence and not against the manifest weight of the evidence. *State v. Bonneau*, 8th Dist. Cuyahoga No. 97565, 2012-Ohio-3258 ("*Bonneau I*").

{¶5} Although Bonneau's offenses occurred before the effective date of the sentencing reforms enacted in 1996,[1] the trial court initially sentenced him under the sentencing provisions of Senate Bill 2. While Bonneau's appeal was pending, the trial court resentenced him under the prior law.[2] This court held in *Bonneau I*, however, that the new sentencing judgment was void because the trial court was without jurisdiction to resentence Bonneau while his appeal was pending. *Bonneau I* at fn.1.

{¶6} After this court's decision was announced, the trial court resentenced Bonneau pursuant to the law in effect in 1994 when the offenses were committed. At the

[1]Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136 ("Senate Bill 2").

[2]*See State v. Rush*, 83 Ohio St.3d 53, 1998-Ohio-423, 697 N.E.2d 634, ¶ 13 ("[T]he amended sentencing provisions of S.B. 2 are applicable only to those crimes committed on or after its effective date."). Although a court generally is without jurisdiction to reconsider a valid final judgment in criminal cases, it retains jurisdiction to correct a void sentence. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19.

resentencing, the state argued that the gross sexual imposition and kidnapping offenses were allied offenses and elected to merge the three gross sexual imposition counts (fourth-degree felonies) into the kidnapping (a first-degree felony). The court merged the gross sexual imposition counts into the kidnapping and sentenced Bonneau to five to twenty-five years incarceration. The court also found him to be a sexually oriented offender under Megan's Law and ordered him to report once a year for ten years.

{¶7} Bonneau now appeals from the resentencing.

## II. Analysis

{¶8} In his first assignment of error, Bonneau argues that the trial court erred in imposing a sentence of five to twenty-five years for kidnapping.

{¶9} Initially, we note that the issues in this appeal from the trial court's resentencing are not subject to the doctrine of res judicata, despite Bonneau's earlier appeal. Bonneau's first sentence was void because he was not sentenced under the proper law. *See State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984) (a trial court's failure to comply with statutory requirements when imposing a sentence renders the attempted sentence a nullity or void). Likewise, Bonneau's second sentence was void because the trial court was without jurisdiction to resentence him while his appeal was pending. Thus, the first and second sentences were nullities, as though such proceedings had never occurred. *State v. Abner*, 8th Dist. Cuyahoga No. 81023, 2002-Ohio-6504, ¶ 17. Accordingly, "any issues arising from the current resentencing were not available on direct appeal and are not subject to res judicata, as they could not

have been previously asserted." *State v. Taogaga*, 165 Ohio App.3d 775, 2006-Ohio-692, 848 N.E.2d 861, ¶ 18 (8th Dist.).

**{¶10}** Bonneau contends that the trial court erred in imposing a sentence of five to twenty-five years incarceration because any kidnapping of M.S. was "merely incidental" to the underlying gross sexual imposition and, therefore, the conviction for kidnapping "cannot be sustained as a separate cognizable offense." Accordingly, he argues, the trial court should never have reached the issue of merger because, without a separate offense, the state has no merger option.

**{¶11}** Bonneau bases his argument on *State v. Logan*, 60 Ohio St.3d 126, 397 N.E.2d 1345 (1979), wherein the defendant was convicted of rape, kidnapping, and carrying a concealed weapon and sentenced to consecutive sentences on each count. The appellate court affirmed the convictions. On appeal to the Ohio Supreme Court, the defendant argued that the rape and kidnapping were allied offenses of similar import under R.C. 2941.25, that he possessed a single animus in carrying out the crimes, and hence, that his kidnapping conviction could not stand.

**{¶12}** Before considering the specific facts of the defendant's case, the Ohio Supreme Court set forth the following criteria for determining what constitutes separate animus within the meaning of R.C. 2941.25(B) when a defendant has been charged with multiple offenses including kidnapping:

> In establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus as to each pursuant to R.C. 2941.25(B), this court adopts the following guidelines:

(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

(B) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.

{¶13} Looking at the facts of the defendant's case in light of these guidelines, the Supreme Court in *Logan* found that the defendant's detention and asportation of the victim was incidental to the underlying crime of rape and therefore, that it demonstrated a single animus. *Id.* at 136. The Supreme Court reversed the defendant's conviction for kidnapping; "hence, the kidnap had been merged into the rape." *State v. Dunlap*, 8th Dist. Cuyahoga No. 70427, 1997 Ohio App. LEXIS 91, *8 (Jan. 16, 1997).

{¶14} Bonneau contends that the evidence in this case likewise did not demonstrate that any kidnapping occurred independently of the gross sexual imposition offenses but rather, that any kidnapping was merely incidental to the gross sexual imposition. The evidence at trial demonstrated that on one occasion, Bonneau came up to M.S. as she sat in a chair in the Bonneau's home, ran his hand up her thigh, and French-kissed her. M.S. stood up, pushed Bonneau away, and went into the kitchen with Bonneau's wife. On another occasion, Bonneau came up to M.S. while she was at the Bonneau home, pushed her on the couch, grabbed her hands and held them behind her head, and then French-kissed and "dry-humped" her before M.S. rolled and forced

Bonneau off her. Bonneau's friends, who were in the room, laughed at Bonneau's brazenness. On another occasion, M.S. was riding in the backseat of Bonneau's car. Bonneau's wife was in the front passenger seat and Bonneau, who was driving, reached his hand behind the seat and ran his hand up M.S.'s thigh. On other occasions, Bonneau rubbed M.S.'s legs as she rode on his motorcycle with him, or grabbed her buttocks as she walked away after getting off the motorcyle.

{¶15} Bonneau contends that this evidence does not demonstrate prolonged or secretive confinement, or substantial movement sufficient to demonstrate a separate animus to support a separate conviction for kidnapping. Therefore, he contends that, as in *Logan*, his kidnapping conviction cannot be sustained as a separate, cognizable offense and, hence, because the kidnapping was not a separate offense, no allied offenses analysis was implicated, and there was no merger for the prosecutor to elect. Accordingly, he argues that his kidnapping conviction should be vacated and the matter remanded for resentencing on three counts of gross sexual imposition.

{¶16} Bonneau's argument is without merit. The jury found Bonneau guilty of kidnapping, as well as three counts of gross sexual imposition. This court affirmed Bonneau's convictions on his direct appeal, specifically finding that his convictions were not against the manifest weight of the evidence. Thus, Bonneau's argument that the evidence does not support "a separate, cognizable" kidnapping offense has already been rejected by this court. The law-of-the-case doctrine "provides that the decision of a reviewing court in a case remains the law of the case on the legal questions involved for

all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). When this court affirmed Bonneau's convictions in his first appeal, the propriety of those convictions became the law of the case. Thus, although arguments related to the resentencing are proper, any argument seeking to vacate the kidnapping conviction is barred. *See State v. Harrison*, 8th Dist. Cuyahoga No. 88957, 2008-Ohio-921, ¶ 9.

{¶17} This court has recognized that gross sexual imposition and kidnapping are allied offenses of similar import. *State v. Fischer*, 8th Dist. Cuyahoga No. 75222, 1999 Ohio App. LEXIS 5568, *13 (Nov. 24, 1999). The merger doctrine, as codified in R.C. 2941.25(A), "operates to merge allied offenses of similar import into a single conviction." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 16. For purposes of R.C. 2941.25, a conviction consists of a guilty verdict and the imposition of a sentence or penalty. *Id.* at ¶ 12. Thus, a defendant may be indicted and tried for allied offenses of similar import, as occurred here, but may be sentenced on only one of the allied offenses. *Id.* at ¶ 17.

{¶18} The General Assembly has made clear that the state may choose which of the allied offenses to pursue at sentencing, "and it may choose any of the allied offenses." *Id*. at ¶ 20, citing *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 16 and 43. Accordingly, the state could elect in this case to proceed to sentencing on the kidnapping count. Unlike in *Logan*, where the defendant was sentenced on both

kidnapping and rape, the trial court merged Bonneau's allied offenses into a single conviction and sentenced him on only the kidnapping. Thus, we find no error.

{¶19} We are not persuaded by Bonneau's argument that *Logan* established an exception to the allied offenses doctrine for cases involving kidnapping. In fact, the *Logan* court recognized that where a defendant has committed a rape and a kidnapping that was an allied offense of the rape, "the perpetrator may be convicted of either rape or kidnapping, but not both." *Logan*, 60 Ohio St.2d at 132, 397 N.E.2d 1345. Thus, a defendant may be found guilty of both rape and kidnapping, but may not be sentenced on both. Here, consistent with *Logan*, Bonneau was found guilty of both kidnapping and gross sexual imposition, but sentenced on only kidnapping. The first assignment of error is therefore overruled.

{¶20} In his second assignment of error, Bonneau contends that the trial court erred in finding him to be a sexually oriented offender under Megan's Law and imposing registration requirements consistent with its finding. Bonneau contends that the registration laws in effect in 1994, when the offenses were committed, did not require him to register and, accordingly, the retroactive application of Megan's Law is punitive, in violation of Section 28, Article II of the Ohio Constitution (the Retroactivity Clause). Bonneau's argument has been considered and rejected by the Ohio Supreme Court.

{¶21} In 1996, the General Assembly enacted H.B. 180, better known as "Megan's Law." That act revised R.C. Chapter 2950 and established a comprehensive system of sex-offender classification and registration. "The legislature expressed its intent that the

act apply retroactively, regardless of when the underlying sex offense had been committed * * *." *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 27 (O'Donnell, J., dissenting).

{¶22} In *State v. Cook*, 83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570, the Ohio Supreme Court considered the constitutionality of Megan's Law as applied to offenders who had committed sexually oriented offenses before the effective date of the statute. The Supreme Court held that the law did not violate Section 28, Article II of the Ohio Constitution because the registration requirements provided in the act were necessary to achieve the legislature's remedial purpose of protecting the public from sexual offenders. *Id.* at 412.

{¶23} In 2003, the General Assembly enacted S.B. 5 to amend Megan's Law to impose additional reporting requirements. In *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, the Ohio Supreme Court addressed retroactivity and ex post facto challenges to R.C. Chapter 2950 as amended by S.B. 5. The Supreme Court held that the additional requirements imposed by the amendments to Megan's Law as enacted by S.B. 5 did not impose additional burdens to constitute punishment. Accordingly, the Ohio Supreme Court held that the amendments enacted enacted by S.B. 5 did not violate the retroactivity clause of the Ohio Constitution.

{¶24} In June 2007, the Ohio General Assembly enacted S.B. 10 to comply with the federal Adam Walsh Act. S.B. 10 repealed Ohio's prior sex-offender-classification

scheme and replaced it with a three-tiered system that classified offenders automatically based on the offense of conviction.

**{¶25}** In *Williams, supra,* the Ohio Supreme Court found that R.C. Chapter 2950, as amended by S.B. 10, and applied to sex offenders who committed an offense prior to the enactment of S.B. 10, violated the Retroactivity Clause of the Ohio Constitution because it imposed new and additional burdens as to a past transaction. The Supreme Court reversed the judgment of the court of appeals and remanded the matter for resentencing under Megan's Law. Notably, the *Williams* Court did not revisit its decisions in *Cook* and *Ferguson* that upheld Megan's Law as a remedial statute and rejected claims that Megan's Law violates the Retroactivity Clause of the Ohio Constitution.

**{¶26}** Thus, under *Williams, Cook,* and *Ferguson*, the application of Megan's Law to offenders who committed a sexually oriented offense prior to its enactment does not violate Section 28, Article II of the Ohio Constitution and, accordingly, the trial court properly applied Megan's Law to Bonneau. The second assignment of error is therefore overruled.

**{¶27}** Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

KENNETH A. ROCCO, P.J., and
MARY EILEEN KILBANE, J., CONCUR