[Cite as *State v. Larson*, 2014-Ohio-4685.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101000**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TERRY L. LARSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-91-268344-B

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 23, 2014

**ATTORNEY FOR APPELLANT**

Paul A. Daher
Paul A. Daher & Associates
700 West St. Clair Avenue, Suite 218
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Daniel T. Vann
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Terry L. Larson ("Larson"), appeals the judgment of the common pleas court classifying him a sexual predator. Finding no merit to the appeal, we affirm.

{¶2} In November 1991, Larson was convicted of gross sexual imposition, kidnaping, and four counts of rape. He was sentenced to four consecutive 15-25 year prison terms for each count of rape, a 4-10 year term for gross sexual imposition, and a 15-25 year term for kidnaping. His convictions were affirmed by this court in *State v. Larson*, 8th Dist. Cuyahoga No. 63001, 1993 Ohio App. LEXIS 5348 (Nov. 10, 1993). However, his sentence for the conviction of gross sexual imposition was found to be contrary to law, vacated, and remanded for resentencing.

{¶3} In January 2014, while Larson was still incarcerated, the trial court conducted a sexual predator classification hearing. The trial court began the hearing by addressing Larson's motion to dismiss the sexual predator hearing. Larson's motion was denied and evidence was presented by both sides regarding the likelihood he would engage in future sexual offenses if released. At the conclusion of the hearing, the trial court classified Larson a sexual predator.

{¶4} It is from this classification that Larson now appeals.

{¶5} In his sole assignment of error, Larson argues the trial court erred in denying his motion to dismiss his sexual predator hearing and in classifying him a sexual predator.

{¶6} First, Larson argues the trial court erred in denying his motion to dismiss and in holding the sexual predator classification hearing because he had already been classified as a sexually oriented offender by operation of law.

{¶7} Larson was convicted by the Cuyahoga County Court of Common Pleas in 1991. In 1996, the Ohio General Assembly enacted H.B. 180, better known as "Megan's Law." Megan's Law established a comprehensive system of sex-offender classification and registration. The act applies retroactively, regardless of when the underlying sex offense had been committed. *See State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570 (1998).

{¶8} In 2007, the Ohio General Assembly passed Am.Sub.S.B. No. 10, repealing Ohio's Megan's Law and enacting classification, registration and community notification requirements in conformity with the 2006 Adam Walsh Act ("AWA") passed by Congress.

{¶9} Larson alleged in his motion to dismiss that in December 2007, he received a notice from the Attorney General designating him a Tier III offender based on the AWA. We note there is no evidence in the record of this classification. In January 2008, in response to this notice, Larson petitioned the Lorain County Court of Common Pleas, as the court in closest proximity to the prison where he resided, regarding his AWA classification status.[1]

---

[1] Lorain C.P. No. 08-CV-154439.

{¶10} The record reveals that Larson's petition was not ruled upon until July 2010. In the interim, the Ohio Supreme Court, in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, determined that the retroactive application of the AWA and S.B. 10's registration requirements were unconstitutional. "S.B. 10, as applied to * * * any other sex offender who committed an offense prior to the enactment of S.B. 10, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from enacting retroactive laws." *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 21.

{¶11} On July 8, 2010, the Lorain County Court of Common Pleas ruled on Larson's petition, stating in its entry:

> Plaintiff's motion is granted in part and denied in part. This court finds that R.C. 2950.031 and 2950.032 are unconstitutional because they violate the separation-of-powers doctrine. Therefore, the reclassification of sex offenders by the Ohio Attorney General are invalid and the plaintiff is reinstated into his/her prior judicial sex offender classification. (See State v. Bodyke, Slip Op. No. 2010-Ohio-2424)

{¶12} In October 2012, while Larson was still serving his sentence in prison, the Ohio Department of Rehabilitation and Correction ("ODRC") sent a request to the administrative judge of the Cuyahoga County Court of Common Pleas, suggesting that H.B. 180 sexual predator hearings be conducted for incarcerated defendants whom they

felt could be classified as sexual predators, including Larson.[2]   In October 2013, Larson filed a motion to dismiss the hearing.

{¶13} In his motion and on appeal, Larson argues that pursuant to the judgment entry of the Lorain County Court of Common Pleas, he cannot be reclassified by the Cuyahoga Court of Common Pleas because having had his prior classification reinstated he is already classified under Megan's Law.   He contends that by operation of law, and as a result of the reinstatement of his prior classification, he is classified as a sexually oriented offender.   In turn, Larson argues the Cuyahoga County Court of Common Pleas erred in denying his motion to dismiss because the reinstatement of his classification as a sexually oriented offender barred any future reclassification.

{¶14} However, pursuant to former R.C. 2950.09(C)(2)(a), for defendants who committed their crimes prior to January 1, 1997, and who were sentenced before hand, the trial court may conduct a sexual predator classification hearing at any time prior to defendant's release from prison or up until a year after their release.   Larson fails to set forth any case law to support his contention that being classified by operation of law as a sexually oriented offender prohibits the court from holding a sexual predator hearing at any time prior to a defendant's release or up until one year after their release.

{¶15} Therefore, we find that the trial court did not err in denying Larson's motion to dismiss the sexual predator hearing, pursuant to former R.C. 2950.09(C)(2)(a).  *See*

---

[2]   Larson attached a copy of the ODRC's request to his motion to dismiss, marked as Defendant's Exhibit A.

*State v. Bonneau*, 8th Dist. Cuyahoga No. 99437, 2013-Ohio-5021, ¶ 26 (this court reiterated that applying Megan's Law to offenders who committed sexually oriented offenses prior to the law's enactment does not violate the Ohio Constitution).

**{¶16}** Second, Larson argues his sexual predator classification is against the manifest weight of the evidence. A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pled guilty to committing a sexually oriented offense, and is likely to engage in the future in one or more sexually oriented offenses.

**{¶17}** Because sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial judge's findings are supported by some competent, credible evidence. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, syllabus.

**{¶18}** In making its determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. These factors include, but are not limited to (1) the offender's age and prior criminal record, (2) the age of the victim, (3) whether the sex offense involved multiple victims, (4) whether the offender used drugs or alcohol to impair the victim of the sex offense, (5) if the offender has previously been convicted of or pleaded guilty to any criminal offense, (6) whether the offender completed a sentence for any conviction, and (7) if a prior conviction was for a sex offense, whether the

offender participated in any available program for sex offenders, (8) whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim, (9) any mental illness or disability of the offender; and any other behavioral characteristics that contribute to the sex offender's conduct.   Former R.C. 2950.09(B)(3)(a)-(j).

{¶19} The trial judge has "discretion to determine what weight, if any, he or she will assign to each guideline" set forth in former R.C. 2950.09(B)(3).   *State v. Thompson*, 92 Ohio St.3d 584, 752 N.E.2d 276 (2001), paragraph two of the syllabus. Given that discretion, an appellate court cannot substitute its judgment for that of the trial judge when reviewing a sexual predator classification.   *See State v. Ellison*, 8th Dist. Cuyahoga No. 78256, 2002-Ohio-4024, ¶ 3.

{¶20} We note that the "trial court is not required to individually assess each of these statutory factors on the record nor is it required to find a specific number of these factors before it can adjudicate an offender a sexual predator so long as its determination is grounded upon clear and convincing evidence."   *State v. Caraballo*, 8th Dist. Cuyahoga No. 89757, 2008-Ohio-2046, ¶ 8, citing *State v. Ferguson*, 8th Dist. Cuyahoga No. 88450, 2007-Ohio-2777.   "The court need not elaborate on its reasons for finding certain factors as long as the record includes the particular evidence upon which the trial court relied in making its adjudication."   *Caraballo* at ¶ 8.

{¶21} In the instant case, the trial court reviewed the facts of Larson's underlying case, in which he kidnaped a 30-year old woman at 1:00 a.m. near a pay phone and drove her to his residence where he and a codefendant raped her repeatedly.   The trial court

stated on the record that it had considered (1) Larson's age at the time he committed the offense (31 years old), (2) the amount of time that has passed since the crime was committed (24 years), (3) the nature of the offense, (4) the factual basis of the case, (5) Larson's prior convictions and the nature of those crimes, (6) his current health condition, and (7) his probation history. The trial court reviewed the expert's Static-99 test results, in which Larson received a score of 5, indicating that he has a medium/high risk of re-offending. The record indicates that the trial court also reviewed Larson's incarceration record and behavior reports.

**{¶22}** Having reviewed the record, it is clear that the state provided the trial court with clear and convincing evidence of Larson's propensity to re-offend. The transcript of the hearing illustrates that the trial court reviewed the factors enumerated in former R.C. 2950.09(B)(3)(a)-(j). Thus, we find that the trial court based its determination to classify Larson as a sexual predator on competent and credible evidence. Accordingly, Larson's sole assignment of error is overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR