[Cite as *State v. Logan*, 2014-Ohio-5150.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 101334

**STATE OF OHIO**

PLAINTIFF-APPELLEE

**vs.**

**ANTOINE K. LOGAN**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-95-319943-ZA

**BEFORE:** Boyle, A.J., Celebrezze, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 20, 2014

**FOR APPELLANT**

Antoine Logan, pro se
Inmate No. 311-350
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio   44901

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   James M. Price
          Frank Romeo Zeleznikar
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1}   Defendant-appellant, Antoine Logan, appeals from his classification as a sexually oriented offender.   Finding no merit to the appeal, we affirm.

Procedural History and Facts

{¶2}   In February 1995, Logan was indicted on a single count of rape in violation of R.C. 2907.02 and ultimately was convicted following a jury trial.   On July 26, 1995, the trial court sentenced Logan to a prison term of 7 to 25 years.   Logan appealed his conviction and sentence, which this court affirmed in *State v. Logan*, 8th Dist. Cuyahoga No. 69535, 1996 Ohio App. LEXIS 4394 (Oct. 3, 1996).

{¶3}   In February 2014, the trial court ordered the Cuyahoga County Sheriff's Department to transport Logan, who was incarcerated, to the court for purposes of a "sexual predator/HB-180 hearing."   The trial court further referred Logan to the court's psychiatric clinic for purposes of a sexual predator evaluation and Static 99.   After being transferred, Logan moved the trial court to transfer him back to prison and filed two successive motions opposing any classification of him under the law.

{¶4}   On April 2, 2014, the trial court held the hearing and found Logan to be a sexually oriented offender under H.B. 180, better known as "Megan's Law."   The journal entry memorializing the court's finding also notified Logan of his duty to register and report.   From that order, Logan now appeals, raising four assignments of error:

> I.   The court finding Antoine Logan to be a sexually oriented offender was a violation of the Double Jeopardy Clause of the U.S. Constitution because there was no substantial grounds upon which a trier of fact could reasonably conclude that the trial court order of the sexual predator/HB-180 hearing was justified accordingly.

II.   The court committed reversible and prejudicial error when it failed to instruct the rights to an appeal to the appellant after imposing a sentence in a case of a serious nature.

III.   It is error for the trial court to permit a prosecuting attorney to provide general characterization of the appellant when he was not qualified as an expert witness on that subject.

IV.   The trial court improperly sentenced appellant to where the retroactivity of the law does not apply to his 1995 conviction.

{¶5}   For ease of discussion, we will address these assignments of error out of order and together where appropriate.

<u>Retroactive Application of Megan's Law</u>

{¶6}   In his fourth assignment of error, Logan argues that he should not be subject to a classification under Megan's Law, a sentencing scheme that was enacted after the time of his underlying conviction.   This argument, however, lacks merit.

{¶7}   In 1996, the General Assembly enacted H.B. 180 ("Megan's Law"), which amended the state's sex offender classification and registration process.   *State v. Cook*, 83 Ohio St.3d 404, 406, 700 N.E.2d 570 (1998).   Portions of Megan's Law became effective January 1, 1997, and other portions of the law became effective July 1, 1997.   *Id.*   The act provided for judicial classification of a sex offender as a "sexually oriented" offender, a "habitual sex offender," or a "sexual predator."   Former R.C. 2950.01.

{¶8}   In 2007, the General Assembly passed Am.Sub.S.B. 10, repealing Ohio's Megan's Law and enacting classification, registration, and community notification requirements in conformity with the 2006 Adam Walsh Act ("AWA") passed by Congress.

{¶9}   While the Ohio Supreme Court has found that R.C. Chapter 2950, as amended by S.B. 10, and applied to sex offenders who committed an offense prior to the enactment of S.B.

10, violated the Retroactivity Clause of the Ohio Constitution, the court rejected the same claim with respect to Megan's Law. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. In *Williams*, the Ohio Supreme Court declined to reverse its prior decisions in *Cook* and *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, which recognized that Megan's Law is remedial and therefore does not violate the Retroactivity Clause of the Ohio Constitution. Indeed, the *Williams* court reversed the judgment of the court of appeals and remanded the matter for resentencing under Megan's Law.

{¶10} Moreover, relying on this established Ohio Supreme Court precedent, this court has repeatedly recognized that applying Megan's Law to offenders who committed sexually oriented offenses prior to the law's enactment does not violate the Ohio Constitution. *See State v. Bonneau*, 8th Dist. Cuyahoga No. 99437, 2013-Ohio-5021; *see also State v. Larson*, 8th Dist. Cuyahoga No. 101000, 2014-Ohio-4685.[1]

{¶11} Accordingly, we find no error in the trial court applying Megan's Law to Logan. The fourth assignment of error is overruled.

<u>Issues During the Hearing</u>

{¶12} In his first three assignments of error, Logan raises arguments pertaining to matters that occurred during his H.B. 180 hearing, including the trial court's authority to act, the presentation of witnesses, and the trial court's advisement of Logan's rights. The state counters that Logan has failed to file a transcript of the hearing, and this court must therefore presume regularity and summarily overrule his assignments of error.

---

[1] We note that "pursuant to former R.C. 2950.09(C)(2)(a), for defendants who committed their crimes prior to January 1, 1997, and who were sentenced beforehand, the trial court may conduct a sexual predator classification hearing at any time prior to defendant's release from prison or up until a year after their release." *Larson* at ¶ 14.

**{¶13}** Logan has failed to file a transcript of the hearing. It is well settled that "an appellant bears the burden of providing the reviewing court with a transcript of the proceedings to demonstrate any claimed errors." *State v. Soverns*, 8th Dist. Cuyahoga No. 101185, 2014-Ohio-4094, ¶ 6, citing *State v. Blashaw*, 8th Dist. Cuyahoga No. 98719, 2012-Ohio-6011, ¶ 12. "'When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'" *State v. Simmons*, 8th Dist. Cuyahoga No. 100638, 2014-Ohio-3038, ¶ 14, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

**{¶14}** While Logan's failure to file a transcript is fatal to his first three assignments of error, we also note that his arguments challenging the classification have no merit. Here, the trial court classified Logan as a sexually oriented offender. The Ohio Supreme Court has recognized that this designation attaches as a matter of law when the defendant has been convicted of a sexually oriented offense as defined in former R.C. 2950.01(D), and is neither a habitual sex offender nor a sexual predator. *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 12. Indeed, the *Hayden* court noted that the "Due Process Clauses of the Fourteenth Amendment to the United States Constitution and of Section 16, Article I of the Ohio Constitution do not require a trial court to conduct a hearing to determine whether a defendant is a sexually oriented offender." *Id.* at paragraph two of the syllabus.

**{¶15}** Under former R.C. 2950.01(D), rape, as defined under R.C. 2907.02, constitutes a sexually oriented offense. Accordingly, we find no grounds to reverse the trial court's classification in this case.

**{¶16}** The first three assignments of error are overruled.

**{¶17}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
TIM McCORMACK, J., CONCUR