[Cite as *State v. Tate*, 2015-Ohio-100.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101112**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**FLOYD TATE**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART,
REVERSED IN PART, REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-86-209197-A

**BEFORE:** S. Gallagher, P.J., E.T. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** January 15, 2015

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
Rick L. Ferrara, Esq.
2077 East 4th Street
Second Floor
Cleveland, OH   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Daniel T. Van
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, P.J.:

{¶1} Floyd Tate appeals from the trial court's decision reclassifying Tate as a habitual sexual offender and a sexual predator, a decision made after a hearing was held pursuant to a repealed statute, R.C. 2950.09. The state argues that the Ohio Supreme Court reinstated the version of R.C. Chapter 2950, known as Megan's Law, in its entirety. As a result, the trial court had jurisdiction to reclassify Tate, who was a sexually oriented offender by operation of law, at the hearing occurring in 2014. We agree with the state: the trial court had jurisdiction to reclassify Tate. Tate also appeals the imposition of court costs. The state concedes error with the imposition of court costs because Tate was not allowed the opportunity to object.

{¶2} Tate's first three assignments of error basically attack the trial court's ability to reclassify him as a habitual sexual offender and sexual predator in 2014 when R.C. 2950.09 was repealed by the legislature's enactment of R.C. Chapter 2590, known as the Adam Walsh Act ("AWA").[1] Tate argues that although the Ohio Supreme Court determined that the AWA cannot be constitutionally applied retroactively, and therefore, the reporting requirements and classification system pursuant to Megan's Law are valid, such pronouncements did not judicially resurrect R.C. 2950.09, which conferred trial courts with jurisdiction to reclassify offenders while serving their terms of imprisonment for offenses and sentencing occurring prior to or during the period during which Megan's Law was enacted between 1997 and 2008. At his reclassification hearing, Tate challenged the jurisdiction of the trial court to entertain the motion. The trial court determined it had jurisdiction to proceed despite the repeal of R.C. 2950.09, the

---

[1] Tate also claims the trial court incorrectly applied the AWA reporting requirements rather than the Megan's Law applicable ones. We summarily reject Tate's argument. Pursuant to R.C. 2950.04(A)(2)(a), an offender must register with the sheriff within three days of coming into the county where the offender resides or has a temporary domicile. The trial court in this case used the five-day requirement of the previous version of the law.

only jurisdictional basis for reclassifying Tate. We find no merit to Tate's argument that his reclassification pursuant to Megan's Law was invalid.

{¶3} The transition from Megan's Law to the AWA has been documented ad nauseam. It suffices that Tate was serving a term of imprisonment based on a litany of charges originating in 1986, several of which included rape counts. Tate was in prison in 1997 when Megan's Law was enacted. As a result, he was classified as a sexually oriented offender by operation of law. *See State v. Wood*, 1st Dist. Hamilton No. C-120598, 2013-Ohio-2724, ¶ 6, citing *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 18; *State v. Miller*, 8th Dist. Cuyahoga No. 100768, 2014-Ohio-4568, ¶ 10. During the decade that Megan's Law existed, the state never sought to reclassify Tate as a sexual predator or habitual sex offender even though Tate remained in prison for the 1986 convictions. It was not until early 2014 that the state sought to finally reclassify Tate as a sexual predator or habitual sexual offender, both of which carry more onerous reporting requirements.

{¶4} In 2008, the AWA was enacted and meant to supplant Megan's Law in its entirety, including the provisions of R.C. 2950.09 granting the trial courts jurisdiction to reclassify sexually oriented offenders. In a string of decisions, the Ohio Supreme Court invalidated the AWA mechanism to reclassify pre- and post-enactment Megan's Law offenders under the new three-tiered system, declared the retroactive enforcement of the AWA as unconstitutional, upheld any classifications under Megan's Law as valid, and declared that the legislature would not have repealed sections of Megan's Law in light of the other decisions. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, paragraph two of the syllabus (R.C. 2950.031 and 2950.032 were unconstitutional); *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, syllabus (retroactive application of AWA is unconstitutional); *State v. Brunning*,

134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316, ¶ 21 (legislature would not have intended the complete repeal of Megan's Law to mean that the registration requirements would be invalid following the decision declaring the AWA unconstitutional as applied to those already classified pursuant to Megan's Law). Although the Ohio Supreme Court determined that the Megan's Law repeal did not affect an offender's obligation to report established by Megan's Law, or the prosecution for crimes occurring before the AWA but initiated after 2008, no decision specifically addressed a trial court's jurisdiction to reclassify an offender pursuant to R.C. 2950.09 after that section was repealed.

{¶5} For this, the state relies on *Williams*. In that case, the offender was indicted in November 2007 for offenses that occurred before July 1, 2007, the putative cutoff date for the applicability of the AWA. *Id.* at ¶ 4. The Ohio Supreme Court determined that the retroactive application of the AWA registration burdens was unconstitutional. *Id.* at ¶ 21. As a result, the offender could only be sentenced according to the laws in effect during the time of his crimes, Megan's Law. *Id.* We find this case is not applicable to the current situation.

{¶6} In Tate's case, he was convicted and serving his term of imprisonment already imposed when both Megan's Law and the AWA took effect. It is undisputed that Megan's Law was appropriately applied to Tate. However, the trial court attempted to reclassify Tate pursuant R.C. 2950.09, a provision of Megan's Law that allowed the prison to petition to reclassify an offender and afforded the offender the right to a hearing before the trial court that originally sentenced the offender. That section was expressly repealed with the enactment of the AWA. Although *Williams* stands for the proposition that the state may prosecute an offender for crimes and sentence according to Megan's Law, nothing in that case allows the state to rely on the repealed R.C. 2950.09 to reclassify a previously classified offender while serving a valid

sentence. The jurisdiction of the trial court in the *Williams*-type cases is premised on the commission of a crime and the filing of an indictment for those crimes. *See also State v. Love*, 1st Dist. Hamilton No. C-120642, 2013-Ohio-3096 (offender retried and sentenced in 2012 could be classified as a sexual predator based on the applicability of Megan's Law to offenders being tried for crimes occurring before the enactment of the AWA).

{¶7} The only issue in those cases was which version of R.C. Chapter 2950 applied for the purposes of sentencing, and because of the more onerous sentencing afforded under the AWA, the Ohio Supreme Court determined that the Megan's Law provisions should apply. Tate was a sexually oriented offender, and his duties and obligations to report arise under that classification, until his reclassification hearing. The trial court needed a jurisdictional basis to reclassify Tate. His reclassification was not a product of his sentencing on a case indicted after the enactment of AWA for crimes occurring during the decade Megan's Law was in effect. *See, e.g., State v. Bonneau*, 8th Dist. Cuyahoga No. 99437, 2013-Ohio-5021 (defendant indicted after enactment of the AWA for crimes occurring before and during the Megan's Law applicable period). *Williams* is inapplicable.

{¶8} In *Brunning*, however, the Ohio Supreme Court indicated that the repeal of Megan's Law was ineffective in light of the fact that the AWA was meant to supplant Megan's Law in its entirety. *Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316, ¶ 22. Typically, when an act of the General Assembly is deemed unconstitutional, but the same bill both enacted the legislation to supplant the earlier version and repealed the earlier version, the terms repealing the existing law would also be invalidated. *State v. Sullivan*, 90 Ohio St.3d 502, 508, 739 N.E.2d 788 (2001). R.C. 2950.032, severed from the AWA as unconstitutional, authorized the attorney general to classify offenders, such as Tate, according to the severity of the crimes

committed under the AWA tier system. In this way, the legislature authorized more onerous reporting requirements for certain offenders just as the reclassification system pursuant to R.C. 2950.09 under Megan's Law operated. In other words, the legislature intended a mechanism to reclassify offenders such as Tate to be subjected to more severe reporting requirements, and therefore, the invalidation of R.C. 2950.032 affected the legislature's repeal of R.C. 2950.09, both legislative acts occurring in 2007 Ohio S.B. No. 10.

{¶9} Furthermore, we are bound by our own precedent. A panel from this court previously relied on R.C. 2950.09, following the invalidation of provisions of the AWA as applied to offenders sentenced or classified under Megan's Law. *State v. Larson*, 8th Dist. Cuyahoga No. 101000, 2014-Ohio-4685, ¶ 15. In that case, a panel of this court specifically relied on R.C. 2950.09 after the legislature repealed it. *See also State v. Gray*, 8th Dist. Cuyahoga No. 100492, 2014-Ohio-3139, ¶ 3. Although neither case expressly determined that the repeal of R.C. 2950.09 was ineffective pursuant to the rationale advanced in *Sullivan*, both decisions are nonetheless supported by the Ohio Supreme Court's determination that the legislature would not have repealed R.C. 2950.09 knowing that the reclassification mechanism of R.C. 2950.032 was constitutionally invalid.

{¶10} For the foregoing reasons, the trial court possessed jurisdiction to reclassify Tate as a sexual predator and habitual sexual offender pursuant to R.C. 2950.09. Tate's reclassification was not in error. However, the trial court imposed court costs in its judgment entry without affording Tate the opportunity to object. The state concedes this was in error. We agree. *See State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278. Accordingly, we affirm in part and reverse in part the decision of the trial court. The matter is remanded for the limited purpose of considering the imposition of court costs after Tate has the opportunity to object.

**{¶11}** We affirm in part, reverse in part and remand for a new hearing on the imposition of costs.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

MELODY J. STEWART, J., CONCURS;
EILEEN T. GALLAGHER, J., CONCURS IN JUDGMENT ONLY