OPINION
{¶ 1} Defendant-appellant Jerry R. Lay, Jr. appeals from his 2006 guilty plea and conviction on eight counts of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4). Lay was sentenced to two years in prison for seven of the charges, and one year on the eighth charge with the sentences to run consecutively, for a total confinement of fifteen years. Lay was designated a sexual predator. *Page 2 
 {¶ 2} Appellate counsel has filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, indicating that there are no meritorious issues to be presented on appeal. Counsel then identified one potential issue for review and requested to withdraw as Lay's counsel.By entry filed June 15, 2007, we advised Lay that his appellate counsel had filed an Anders brief and allowed him sixty days within which to file his own pro se brief. Lay has not filed his own pro se brief.
 {¶ 3} Counsel raised the following as a potential issue for review:
 {¶ 4} "THE CLASSIFICATION OF SEXUAL PREDATOR WAS UNJUSTIFIED."
 {¶ 5} In order to adjudicate a defendant a sexual predator, a trial court must find by clear and convincing evidence that the defendant has been convicted of or pled guilty to a sexually oriented offense and that "he is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); State v. Randall (2001), 141 Ohio App.3d 160,166. "Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio State 469, 120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 6} When determining the likelihood that a defendant will engage in a sexually oriented offense in the future, the trial court must consider the factors set forth in R.C. 2950.09(B)(3). A trial judge "has the discretion to determine what weight, if any, he or she will assign to each guideline." State v. Thompson, 92 Ohio St.3d 584, paragraph one of the syllabus, 2001-Ohio-1288.
 {¶ 7} The statutory factors to be considered are as follows:
 {¶ 8} "(a) The offender's age; *Page 3 
 {¶ 9} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 10} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 11} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 12} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 13} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 14} "(g) Any mental illness or mental disability of the offender;
 {¶ 15} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 16} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 17} "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(3).
 {¶ 18} In this case, the trial court conducted a sexual predator hearing, during *Page 4 
which the trial court considered the pre-sentence investigation report, as well as the statements made by Lay and his counsel. The record shows that in 2003, Lay was convicted of Rape in a matter involving an eight-year-old child. Lay also had prior convictions for Burglary, Tampering with Evidence, Domestic Violence and Assault.
 {¶ 19} The victim in the instant case was two years old. In both the 2003 case and in this case, Lay was involved with the mother of the victim when he began abusing the victims. Lay was 27 years old at the time he began abusing the victim in this case. There was evidence of a pattern of abuse of both victims at a time when Lay was in a position of trust and authority over the victims. Further, although the trial court did not consider the allegations, Lay's sister testified that he had sexually abused her in the past.
 {¶ 20} Given the record in this case, we conclude that the potential assignment of error identified by counsel — that the trial court erred by designating Lay a sexual predator — has no arguable merit. Lay's criminal record and his pattern of abusing young girls while in a position of authority and trust over them compels a finding that he is likely to engage in sexual offenses in the future.
 {¶ 21} Pursuant to Anders, supra, we have independently reviewed the record. We agree with Lay's appellate counsel that there are no potentially meritorious issues for appellate review. The sentences imposed are within the statutory sentencing guidelines, and the plea colloquy between Lay and the trial court complied with Crim. R. 11.
 {¶ 22} The judgment of the trial court is affirmed.
 BROGAN and GRADY, JJ., concur. *Page 1