OPINION
{¶ 1} Zachary Jones appeals from an order of the Montgomery County Common Pleas Court designating him a sexual predator.
 {¶ 2} On September 5, 2006, Jones pled guilty to two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), a fourth degree felony, and to three *Page 2 
counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third degree felony. The trial court sentenced him to an aggregate term of two years in prison. The court further found that Jones was a sexual predator. Jones appealed, claiming that the trial court erred in labeling him a sexual predator.
 {¶ 3} In order to designate an offender a sexual predator, a trial court must find by clear and convincing evidence that the defendant has been convicted of or pled guilty to a sexually oriented offense and "is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01 (E); State v. Lay, Champaign App. No. 2007-CA-08, 2007-Ohio-5179, ¶ 5. "Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 4} When determining whether an offender is a sexual predator, the court must consider all relevant factors including, but not limited to:
 {¶ 5} "(a) The offender's age;
 {¶ 6} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 7} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 8} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 9} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; *Page 3 
 {¶ 10} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 11} "(g) Any mental illness or mental disability of the offender;
 {¶ 12} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 13} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 14} "(j) Any additional behavioral characteristics that contribute to the offender's conduct." Lay at f7-17; R.C. 2950.09(B)(3).
 {¶ 15} The trial court has the discretion to determine what weight, if any, it will assign to each factor under R.C. 2950.09. State v.Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288, 752 N.E.2d 276, paragraph one of the syllabus. The court may also consider any other factor that it deems relevant. Id.
 {¶ 16} At the sexual predator classification hearing, the trial court considered the presentence investigation report and heard testimony from David Taylor, the Montgomery County Adult Probation Department's supervisor of the sex offender program. Taylor testified that he had reviewed the presentence investigation report, the police report regarding Jones's juvenile offenses, the competency report prepared *Page 4 
by a forensic psychiatry center, a letter from Larry Postell, and other documents. Taylor also used a Static 99 assessment instrument to assess Jones's risk of re-offending. Taylor described the Static 99 as an objective test which assessed risk in ten different categories based on historical records. Based on the Static 99 assessment, Taylor concluded that Jones had a high risk of re-offending. Taylor indicated that Jones's risk level was based on the facts that Jones had had eight different offenses, that he had male and female victims, that his victims were strangers, and the amount of time that had elapsed between when he was released from juvenile custody and he committed the first of the offenses. Taylor testified that Jones had been committed to the Department of Youth Services and had received sex offender treatment, and yet he re-offended a matter of months after his release. The presentence investigation report indicated that this case involved five victims, all of whom were twelve to fourteen years old at the time of the offenses, and that the incidents occurred around schools and school bus stops. The first offense occurred on December 2, 2004, and the last on May 3, 2006, indicting a number of offenses over a period of time. Taylor concluded that it would be appropriate to designate Jones a sexual predator. On cross-examination, Taylor acknowledged that he did not speak with Jones, Jones's mother, or the individual who counseled Jones, and that he relied on the accuracy of the documents that he considered. Taylor also indicated that a sex offender probation officer (not Taylor) initially scored the Static 99 assessment and that he had reviewed it.
 {¶ 17} After hearing the testimony, the court found that Jones was a sexual predator. The court stated its reasons as follows: *Page 5 
 {¶ 18} "When I consider nothing more than the pre-sentencing investigation, the Court is — which I may consider under 2950.09 because this sex offender designation hearing may be conducted at the time of disposition at which time the Court can consider the pre-sentence investigation. The Court has reviewed all of the factors in 2950.09, those being the Defendant's age, 20 years of age. He is young. This is his second sex related conviction, no matter what he was convicted of as a juvenile. The Defendant has a prior history of a sex related offense as a juvenile. The Defendant's conviction in this matter involved multiple victims, at least five stranger victims.
 {¶ 19} "The Court is most persuaded by the fact that the Defendant was sent to the Department of Youth Services as a juvenile for a period of at least three years. He re-offended very quickly after being released from DYS. The victims in this case are not * * * within a short period of time. They are over a period of time of approximately 18 months. The first offense being approximately December 2, 2004, and the last offense being approximately May the 3rd, 2006.
 {¶ 20} "I don't know if there were other victims in the meantime. I don't care. That's not an issue for me. That's not a factor that the Court can consider.
 {¶ 21} "The facts that I can consider is that there are multiple victims here over a significant period of time, that the Defendant has had sex offender treatment in the past and clearly has not gotten anything from that treatment.
 {¶ 22} "Whether the Defendant has a desire for rehabilitation is not a factor for the Court to consider in determining whether he is a sexual predator nor is his remorse. Those are simply not factors.
 {¶ 23} "The Court's most significant concern is whether the Defendant is at a *Page 6 
risk to re-offend and whether the State has proven by clear and convincing evidence-the quantum of evidence as required by 2950.09. The Court believes that the State has, and the Court finds the State has proven by clear and convincing evidence that the Defendant is a sexual predator."
 {¶ 24} On appeal, Jones challenges the Static 99 assessment as a basis for the conclusion that he has a high risk of recidivism. Jones argues that the state failed "to lay a sufficient foundation regarding the Static 99 instrument to demonstrate its purpose and validity." He states that the ten factors were not identified in the record, and Taylor's testimony that the Canadian-developed instrument had "pretty much" been accepted within the scientific or psychological community did not establish that the Static 99 was accepted. Jones further argues that no one interviewed him or individuals who know him. Jones also asserts that the court lacked evidence on all of the considerations set forth in R.C.2950.09(B)(3) and, therefore, it did not have all of the information mandated by statute.
 {¶ 25} Upon review of the record, we find no fault with the trial court's designation of Jones as a sexual predator. Although Taylor testified about the Static 99 assessment and his conclusion that Jones had a high risk of recidivism, the trial court's conclusion that Jones was a sexual predator was based on its review of the presentence investigation report as it related to the factors set forth in R.C.2950.09(B)(3). The court reasonably gave weight to the facts that Jones had multiple stranger victims over a significant period of time, that he was young, and that he had previously received sexual offender treatment yet re-offended. Based on the evidence, there is ample support for the trial court's conclusion that Jones was a *Page 7 
sexual predator.
 {¶ 26} The assignment of error is overruled.
 {¶ 27} The judgment of the trial court will be affirmed.
 FAIN, J. and DONOVAN, J., concur. *Page 1