[Cite as *State v. Lay*, 2012-Ohio-4447.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No.   2012-CA-7 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 05-CR-251 |
| v. | : | |
| JERRY R. LAY | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28ᵗʰ day of September, 2012.

. . . . . . . . . . .

NICK A. SELVAGGIO, Atty. Reg. #0055607, Champaign County Prosecutor's Office, 200
North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-AppelleeJERRY R. LAY, #456-077, Chillicothe Correctional
Institution, Post Office Box 5500,Chillicothe, Ohio 45601

        Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

 HALL, J.

        {¶ 1} Jerry R. Lay appeals pro se from the trial court's denial of his motion to vacate

his sex-offender registration and notification requirements.

        {¶ 2} In his sole assignment of error, Lay contends the trial court abused its

discretion in denying his motion.

{¶ 3} Lay pled guilty to eight counts of gross sexual imposition in 2006. The trial court imposed an aggregate fifteen-year prison term and designated him a sexual predator under the Megan's Law version of R.C. Chapter 2950. This court affirmed in an *Anders* appeal, agreeing with appointed appellate counsel that there were no non-frivolous issues for review. *State v. Lay*, 2d Dist. Champaign No. 2007-CA-08, 2007-Ohio-5179.

{¶ 4} Lay filed his pro se motion to vacate his sex-offender registration and notification requirements on January 5, 2012. Relying on *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, Lay claimed the trial court erred in retroactively applying the Megan's Law version of R.C. Chapter 2950 to him because he committed his sex offenses in 1993. He argued that by designating him a sexual predator under Megan's Law, the trial court unlawfully imposed punitive registration and notification requirements on him that did not exist when he committed his crimes.

{¶ 5} The trial court rejected Lay's argument for two reasons. First, it found that *Williams* was inapplicable because it concerned retroactive application of the Adam Walsh Act version of R.C. Chapter 2950. The trial court reasoned that applying the Megan's Law version of the statute to Lay was permitted. Second, the trial court determined that res judicata precluded Lay from challenging his sexual predator classification and the requirements imposed on him by Megan's Law.

{¶ 6} On appeal, Lay repeats his claim that *Williams* prohibits applying the Megan's Law version of R.C. Chapter 2950 to him because he committed his offenses in 1993. Lay also insists that res judicata does not apply because application of Megan's Law to him is

"contrary to law" and, therefore, may be challenged at any time. As the trial court correctly found, both arguments lack merit.

{¶ 7} In *Williams*, the Ohio Supreme Court held that the Adam Walsh Act version of R.C. Chapter 2950 is punitive and, therefore, cannot be applied retroactively to sex offenders who committed their crimes before the legislation's effective date. But the Adam Walsh Act version of the statute has not been applied to Lay. Even he acknowledges that the trial court designated him a sexual predator under the earlier Megan's Law version of R.C. Chapter 2950. The Ohio Supreme Court consistently has held that pre-Adam Walsh Act versions of R.C. Chapter 2950 are remedial, not punitive, and that retroactive application of them does not violate the Ohio or United States Constitutions. *See*, *e.g.*, *State v. Cook*, 83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570; *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d110.

{¶ 8} Because Lay was designated a sexual predator under a pre-Adam Walsh Act version of R.C. Chapter 2950, *Williams* has no applicability to him. The legislation under which sex-offender registration and notification requirements were imposed on Lay is remedial, not punitive. Therefore, retroactive application of those requirements to him is permitted.

{¶ 9} Finally, we agree with the trial court that res judicata precludes Lay from challenging his sex-offender classification under Megan's Law. The trial court's designation of Lay as a sexual predator and its imposition of corresponding reporting and notification requirements were valid parts of the trial court's final judgment. On direct appeal, this court upheld Lay's designation as a sexual predator under Megan's Law. Res judicata now

precludes him from further litigating his sex-offender registration and notification obligations under that law.

{¶ 10} Lay's assignment of error is overruled, and the judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.


Copies mailed to:

Nick A. Selvaggio
Jerry R. Lay
Hon. Roger B. Wilson