[Cite as *State v. Czaplicki*, 2013-Ohio-1366.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                                       :
                                                    :     Appellate Case No. 25252
            Plaintiff-Appellee                      :
                                                    :     Trial Court Case No. 1990-CR-744/1
v.                                                  :
                                                    :
ANTHONY CZAPLICKI                                   :     (Criminal Appeal from
                                                    :      Common Pleas Court)
            Defendant-Appellant               :
                                                    :

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of April, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery
County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O.
Box 972, 301 West Third Street, Dayton, Ohio 45422
            Attorney for Plaintiff-Appellee

ANTHONY CZAPLICKI, #226-644, Chillicothe Correctional Institution, Post Office Box
5500, Chillicothe, Ohio 45601
            Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Anthony Czaplicki appeals pro se from the trial court's decision, entry, and

order overruling his "motion to vacate registration and classification."

{¶ 2}    The record reflects that Czaplicki was convicted of rape in 1990, and he remains incarcerated. He filed the foregoing motion in May 2012, arguing that retroactively subjecting him to sex-offender-registration-and-notification requirements violated the Ohio Constitution and *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. He asked the trial court to re-sentence him under the sex-offender-registration-and-classification scheme as it existed in 1990. (Doc. #14).

{¶ 3}    The trial court overruled Czaplicki's motion. It noted that he had been classified as a sexual predator, that this Court had affirmed the designation, and that "[n]o further action has been taken regarding Defendant's sexual registration status." (Doc. #15).

{¶ 4}    On appeal, Czaplicki contends the trial court "abused its discretion by reopening a valid final judgment." In essence, he appears to argue that he never should have been classified as a sexual predator in 2000 because that classification did not exist when he was convicted in 1990. By classifying him as a sexual predator, Czaplicki claims, the trial court retroactively subjected him to new registration-and-community-notification requirements in violation of Ohio law.

{¶ 5}    Upon review, we find no merit in Czaplicki's argument. We rejected a nearly identical claim in *State v. Lay*, 2d Dist. Champaign No. 2012-CA-7, 2012-Ohio-4447. In that case, the defendant committed his sex offenses in 1993. He was convicted years later and designated a sexual predator under the Megan's Law version of R.C. Chapter 2950, which did not exist when he committed his crimes. We found retroactive application of Megan's Law permissible because that legislation was remedial rather than punitive. *Id.* at ¶7-8.

{¶ 6}    We reach the same conclusion here. Czaplicki was designated a sexual

predator under the remedial Megan's Law, and retroactive application of that legislation's sex-offender-registration-and-notification requirements was permitted. Czaplicki cites *Williams*, in his reply brief for the proposition that R.C. Chapter 2950 is punitive. But *Williams* does not apply because it involved the newer version of R.C. Chapter 2950, commonly known as the Adam Walsh Act, not Megan's Law, under which he was designated as a sexual predator. *Id.* We note too that res judicata bars Czaplicki from challenging his sexual-predator designation under Megan's Law. *Id.* at ¶9. This court upheld the designation in 2001, and he cannot relitigate the issue.

{¶ 7} Finally, the State construes Czaplicki's brief as containing an argument that he cannot be subjected to the more recent Adam Walsh Act version of R.C. Chapter 2950. To the extent that Czaplicki may be making this argument, we do not disagree, but find no error. Pursuant to *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, Czaplicki cannot be reclassified under the Adam Walsh Act. But nothing in his brief or the record before us indicates that he has been, or remains, improperly reclassified under that legislation. His only designation was under Megan's Law.

{¶ 8} Based on the reasoning set forth above, we overrule Czaplicki's assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps

Anthony Czaplicki
Hon. Michael Tucker