[Cite as *State v. Grimes*, 2013-Ohio-2569.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :            C.A. CASE NO.    25375

v.                                               :            T.C. NO.    12CR1667

DAVID L. GRIMES                                  :            (Criminal appeal from
                                       Common Pleas Court)

    Defendant-Appellant                      :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____21st____ day of ____June____, 2013.

. . . . . . . . . .

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

J. ALLEN WILMES, Atty. Reg. No. 0012093, 4428 N. Dixie Drive, Dayton, Ohio 45414
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**  This matter is before the Court on the Notice of Appeal of David L. Grimes,

filed September 17, 2012. On August 23, 2012, Grimes pled guilty to one count of rape, (substantially impaired victim), in violation of R.C. 2907.02(A)(1)(c), a felony of the first degree, in exchange for the the dismissal of an identical count, and the parties agreed upon a five-year sentence. Grimes committed his offense in 1994. At his September 6, 2012 sentencing hearing, the trial court designated Grimes a Tier III sex offender, pursuant to the Adam Walsh Act ("AWA"), and Grimes appeals that designation. The State concedes that Grimes was improperly designated as a Tier III offender and asserts that he is subject to classification under Megan's Law. We hereby remand the matter to the trial court so that the appropriate classification may be made.

{¶ 2} Grimes' sole assigned error is as follows:

"THE TRIAL COURT INCORRECTLY DESIGNATED APPELLANT AS A TIER III SEXUAL OFFENDER FOR AN OFFENSE COMMITTED PRIOR TO THE ENACTMENT OF THE STATUTE."

{¶ 3} As this Court recently noted:

In 1996, the General Assembly enacted Megan's Law. The act amended R.C. Chapter 2950 and established a new sex-offender classification and registration scheme. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, at ¶ 7. Subsequently, in 2007, the General Assembly enacted the AWA, which amended various sections of R.C. Chapter 2950, to implement the federal Adam Walsh Child Protection and Safety Act of 2006. Id.

In 2011, the Supreme Court of Ohio held that the AWA, as applied to defendants who committed sex offenses prior to its enactment, violates

Article II, Section 28 of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws. *Williams* at syllabus. *State v. Turner*, 2d Dist. Montgomery No. 25115, 2013-Ohio-806, ¶ 7-8.

**{¶ 4}** As the State asserts, Grimes is not subject to the classification and registration duties imposed by the AWA, since he committed his offense prior to the enactment thereof. He is, however, subject to sex offender classification and registration under Megan's Law, R.C. 2950.01 et seq., even though those duties arose after his offense; the "Ohio Supreme Court consistently has held that pre-Adam Walsh Act versions of R.C. Chapter 2950 are remedial, not punitive, and that retroactive application of them does not violate the Ohio or United States Constitutions. See, e.g., *State v. Cook*, 83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570; * * * ." *State v. Lay*, 2d Dist. Champaign No. 2012-CA-7, 2012-Ohio-4447, ¶ 7.

**{¶ 5}** Grimes' classification as a Tier III sex offender is vacated, and the matter is remanded for the limited purpose of reclassification pursuant to Megan's Law.

. . . . . . . . . .

FROELICH, J. and DONOFRIO, J., concur.

(Hon. Gene Donofrio, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

R. Lynn Nothstine
J. Allen Wilmes
Hon. Mary L. Wiseman