[Cite as *State v. Gall*, 2016-Ohio-1562.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case Nos. 26240 and 26245 |
| | : | |
| v. | : | Trial Court Case Nos. 1978-CR-602 |
| | : | and 1979-CR-84 |
| EUGENE W. GALL | : | |
| | : | (Criminal Appeal from |
| *Defendant-Appellant* | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of April, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

AMY E. FERGUSON, Atty. Reg. No. 0088397, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Eugene W. Gall, appeals from the decision of the Montgomery County Court of Common Pleas designating him a sexual predator under Megan's Law, R.C. Chapter 2950. For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} In 1979, Gall was convicted and sentenced in Montgomery County, Ohio, for the rape and kidnapping of a 15-year-old girl in Case No. 78-CR-602, and for the rape, kidnapping, and aggravated murder of a 14-year-old girl in Case No. 79-CR-84. Gall was sentenced to an aggregate prison term of 14-50 years in Case No. 78-CR-602 and to life in prison in Case No. 79-CR-84. These sentences were ordered to run consecutively to each other and consecutively to sentences Gall had already received in Kentucky. In Kentucky, Gall was sentenced to death for raping and murdering a 12-year-old girl. He was also sentenced to a concurrent 10-year prison sentence for attempted murder and wanton endangerment.

{¶ 3} After Gall was sentenced in Ohio, he was sent back to Kentucky to serve his sentences there. However, approximately 20 years later, on October 30, 2000, the United States Sixth Circuit Court of Appeals granted a writ of habeas corpus filed by Gall with respect to his Kentucky death sentence. The Sixth Circuit determined that pervasive errors at trial led to an unconstitutional conviction and that double jeopardy prevented Kentucky from retrying him on the rape and murder charges. *Gall v. Parker*, 231 F.3d 265 (6th Cir.2000). Thereafter, Gall's conviction was nullified and directed to

be expunged from his record. *Gall v. Scroggy*, E.D. Kentucky No. 2:87-56-DCR, 2008 WL 9463883 (Dec. 4, 2008).

{¶ 4} On November 13, 2001, Gall was extradited to Ohio to begin serving his Montgomery County sentences. According to the State, on September 27, 2013, the Ohio Bureau of Sentence Computation (OBSC) notified the State that it had calculated Gall's jail-time credit and credited him with 5,807 days as a result of the time he served in Kentucky on the invalidated conviction. Specifically, the State alleges that the OBSC gave Gall jail-time credit from December 1985, the date Gall completed his 10-year sentence in Kentucky for attempted murder and wanton endangerment, through November 13, 2001. The State has challenged the OBSC's calculation of jail-time credit in a separate appeal.

{¶ 5} Given that Gall may be subject to parole in the near future, on November 27, 2013, the State filed a motion in Montgomery County Case Nos. 78-CR-602 and 79-CR-84 requesting the trial court to conduct a sexual offender classification hearing in accordance with R.C. 2950.09(C) to determine whether Gall is a sexual predator, as he was not classified at his sentencing in 1979. In response to the motion, the trial court ordered Gall to undergo a psychological evaluation on March 4, 2014, and then held a sexual offender classification hearing on April 8, 2014. During the hearing, the trial court determined, over Gall's objection, that it was appropriate to classify him under the Megan's Law version of Chapter 2950. Then, after considering Gall's psychological evaluation report, criminal history, victims, mental health, and the nature of his sexual conduct, the trial court found by clear and convincing evidence that Gall was a sexual predator and designated him as such.

{¶ 6} Gall now appeals from the trial court's decision designating him a sexual predator, raising four assignments of error for review.

**First, Second, and Fourth Assignments of Error**

{¶ 7} For purposes of clarity, we will address Gall's First, Second, and Fourth Assignments of Error together.   They are as follows:

    I.    THE COURT ERRED IN CLASSIFYING MR. GALL UNDER MEGAN'S LAW.

    II.    RETROACTIVE APPLICATION OF MEGAN'S LAW IS UNCONSTITUTIONAL BECAUSE IT HAS EVOLVED FROM REMEDIAL TO PUNITIVE.

    IV.    THE APPLICATION OF SEXUAL PREDATOR CLASSIFICATION IS CONSTITUTIONALLY BARRED AS EX POST FACTO PROVISION RETROACTIVITY [sic].

{¶ 8} Under the foregoing assignments of error, Gall contends the trial court violated his statutory and constitutional rights by designating him a sexual predator under Megan's Law.   Specifically, Gall claims that the application of Megan's Law in this case runs afoul of the constitutional ban on retroactive and ex post facto laws.   In support of this claim, Gall maintains that Megan's Law cannot be applied retroactively to him because the law is unduly punitive in that it imposes additional burdens and restrictions on sexual offenders that are more demanding than what he would have been subject to had he been classified at the time of his sentencing in 1979.   Gall also contends the notice provisions of Megan's Law impermissibly intrude on his rights to maintain privacy,

acquire property, pursue an occupation, and maintain a favorable reputation. We disagree with each of Gall's claims.

{¶ 9} Since 1963, Ohio has had a sex offender registration statute codified under Chapter 2950 of the Ohio Revised Code. *State v. Cook*, 83 Ohio St.3d 404, 406, 700 N.E.2d 570 (1998), citing former R.C. Chapter 2950, 130 Laws 669. In 1996, the General Assembly enacted Am.Sub.H.B. No. 180, also known as Megan's Law, which rewrote Chapter 2950. *Id.* Megan's Law provided a new system for sexual offender registration, classification, and community notification. *Id.* at 407. The classification provision in Megan's Law, R.C. 2950.09, became effective on January 1, 1997, while the registration and notification requirements became effective July 1, 1997. *Id.* at 406. The sexual offender classifications under R.C. 2950.09 include a "sexually oriented offender," a "habitual sex offender," and a "sexual predator." *Id.* at 407.

{¶ 10} On multiple occasions, the Supreme Court of Ohio has upheld the retroactive application of Megan's Law against claims that it violates the ban on retroactive laws in Article II, Section 28, of the Ohio Constitution, as well as the ban on ex post facto laws in Article I, Section 10 of the United States Constitution. *Cook* at 410-412; *State v. Williams*, 88 Ohio St.3d 513, 516, 728 N.E.2d 342 (2000); *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110.

{¶ 11} In *Cook*, the Supreme Court found a clear legislative intent for Megan's Law to be applied retroactively and explained that purely remedial statutes, such as Megan's Law, may be applied retroactively without running afoul of the constitutional ban against retroactive and ex post facto laws. *Id.* at 410-423. Despite the fact that Megan's Law increased the frequency and duration of reporting beyond what was required by prior law,

the Supreme Court determined its provisions only "us[ed] past events to establish current status" and constituted "de minimis procedural requirements" that were necessary to achieve the legislature's remedial purpose of protecting the public from sexual offenders. (Emphasis deleted.) *Id.* at 412. Accordingly, the court concluded that because the retroactive application of Megan's Law was not punitive, but remedial, it did not violate the constitutional ban on retroactive and ex post facto laws.

{¶ 12} In *Ferguson*, the Supreme Court considered the same claims in *Cook* that were made in light of amendments to the law in 2003. Despite significant changes wrought by the amendments, the Supreme Court rejected the claim that the amendments were punitive and once again concluded that Megan's Law established a remedial, regulatory scheme that did not violate the ban on retroactive and ex post facto laws. *Ferguson* at ¶ 32-39 (finding "an offender's classification as a sexual predator is a collateral consequence of the offender's criminal acts rather than a form of punishment" and "[t]he more burdensome registration requirements and the collection and dissemination of additional information about the offender as part of the statute's community notification provisions were not born of a desire to punish[;]" rather, "it is a remedial, regulatory scheme designed to protect the public rather to punish the offender").

{¶ 13} The Supreme Court reached a different conclusion in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, wherein the court reviewed a later version of Chapter 2950 enacted under Am.Sub.S.B. No. 10, also known as the Adam Walsh Act ("AWA"). The AWA repealed Megan's Law and significantly changed the classification scheme for sexual offenders. The AWA also subjected offenders to longer and more burdensome reporting and registration requirements than under Megan's Law,

and in many cases provided for more severe penalties for violations of the statute. *State v. Montgomery,* 2d Dist. Montgomery No. 24450, 2012-Ohio-391, ¶ 5.

{¶ 14} Upon considering all the changes wrought by the AWA, the Supreme Court in *Williams* concluded that imposing the AWA's additional burdens on a sex offender whose crime was committed prior to its enactment was unconstitutionally punitive and violated the ban on retroactive laws. *Id.* at ¶ 21-22. The Supreme Court remanded the case "for resentencing under the law in effect at the time Williams committed the offense." *Id.* at ¶ 23. In doing so, the court effectively ordered that the provisions of Megan's Law would apply to defendants who committed their offenses before the enactment date of the AWA. *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341, ¶ 16. Therefore, it is well established that the AWA cannot be applied retroactively to sex offenders who committed their crimes before the enactment date of the AWA and that Megan's Law applies to those offenders instead.

{¶ 15} The Supreme Court in *Williams* implicitly reaffirmed the constitutionality of applying Megan's Law retroactively because it did not reverse its prior decisions in *Cook* and *Ferguson,* which recognized that Megan's Law is remedial in nature and can be applied retroactively without running afoul of the United States or Ohio Constitutions. Relying on this precedent, this court has repeatedly recognized that the retroactive application of Megan's Law is not a constitutional violation, as we have consistently held that the sex offender classification, registration, and notification provisions under Megan's Law applies to defendants who commit their offense prior to the enactment of Megan's Law. *State v. Lay*, 2d Dist. Champaign No. 2012-CA-7, 2012-Ohio-4447, ¶ 6-8; *State v. Grimes*, 2d Dist. Montgomery No. 25375, 2013-Ohio-2569, ¶ 4*; State v. Czaplicki*, 2d Dist.

Montgomery No. 25252, 2013-Ohio-1366, ¶ 4-6.

{¶ 16} In this case, Gall attempts to rely on the Supreme Court's holding in *Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108 to support his claim that the trial court erred in applying Megan's Law retroactively. Specifically, Gall is trying to liken Megan's Law to the AWA by claiming the former version of Chapter 2950 in effect when he committed his offenses in the late 1970's was less burdensome on sexual offenders, and applying the additional burdens under Megan's Law now is punitive. However, as previously discussed, there is an abundance of case law from the Supreme Court of Ohio holding otherwise. The Supreme Court has consistently held that the requirements imposed under Megan's Law are remedial, not punitive, and that the retroactive application of them does not violate the United States or Ohio Constitutions. *Cook*, 83 Ohio St.3d 410-423, 427, 700 N.E.2d 570; *Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110. Accordingly, we find the trial court did not err in applying Megan's Law in this case, even though Gall committed his sexually oriented offenses before Megan's Law went into effect. The law is clear that Megan's Law may be applied retroactively and that it is not an ex post facto law.

{¶ 17} Gall's additional claim that the community notification provisions in Megan's Law impermissibly intrude on his rights to maintain privacy, to acquire property, to pursue an occupation, and to maintain a favorable reputation are also without merit. The Supreme Court rejected these exact same claims in *Williams*, 88 Ohio St.3d 524-527, 728 N.E.2d 342. *Accord State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 9.

{¶ 18} For the foregoing reasons, Gall's First, Second, and Fourth Assignments of

Error are overruled.

**Third Assignment of Error**

{¶ 19} Gall's Third Assignment of Error is as follows:

RES JUDICATA BARS THE CLASSIFICATION OF MR. GALL BECAUSE

HE COULD HAVE BEEN CLASSIFIED IN 1979 BUT THE PROSECUTOR

DECLINED.

{¶ 20} Under his Third Assignment of Error, Gall contends res judicata bars him from being evaluated and classified under Megan's Law because he should have been classified at the time of his conviction when a prior version of Chapter 2950 was in effect. He claims that because he underwent psychological testing for his legal matters in Kentucky near the time of his conviction in this case that said testing should have sufficed to classify him at the time of his conviction. Because of this, Gall contends he should now be classified under and subject to the less burdensome restrictions of the law that was in effect in 1979, not Megan's Law. Although he raises a res judicata claim in this assignment of error, Gall does nothing more than rehash his argument that Megan's Law is punitive and unconstitutional when applied to him retroactively, an argument which we have already overruled. In any event, a claim of res judicata would likewise not prevail.

{¶ 21} "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Township*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), at syllabus. "The bar applies to a point or a fact

which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction." *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 9, citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph three of the syllabus, *overruled in part on other grounds*, *Grava* at syllabus. Accordingly, "[f]or res judicata to apply, the issue under consideration must have been 'passed upon' or 'conclusively decided' in an earlier proceeding." (Emphasis deleted.) *Forsyth v. Dearth*, 2d Dist. Clark No. 98-CA-96, 1999 WL 355193, *6 (June 4, 1994), citing *Consumers' Counsel v. Pub. Util. Comm.*, 16 Ohio St.3d 9, 10, 475 N.E.2d 782 (1985). *Accord State v. Mitchell*, 187 Ohio App.3d 315, 2010-Ohio-1766, 931 N.E.2d 1157, ¶ 17 (6th Dist.) (res judicata inapplicable due to the "lack of a final order").

{¶ 22} The record in this case reveals that Gall's sexual offender classification had never been determined prior to the trial court's April 8, 2014 decision. As a result, because Gall's classification had not been previously passed upon, there was no final judgment on that issue. Without a final judgment, res judicata is inapplicable and does not bar his classification under Megan's Law. *See State v. Baird*, 12th Dist. Clermont No. CA2001-03-043, 2002 WL 649394, *2 (Apr. 22, 2002) (res judicata did not apply to bar a sexual offender classification hearing because the offender's classification had not been previously determined); *Pollis v. State*, 11th Dist. Trumbull No. 2008-T-0055, 2009-Ohio-5058, ¶ 39 (noting that res judicata was not at issue in *Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570 because in that case Megan's Law was applied retroactively to persons who had not been previously classified as sexual offenders and, therefore, the new burdens imposed by Megan's Law did not impinge on any reasonable expectation of

finality the offenders had with respect to their convictions).

**{¶ 23}** *See also State v. Tate*, 8th Dist. Cuyahoga No. 101112, 2015-Ohio-100, ¶ 3 and 10 (upholding a defendant's classification under Megan's Law where the defendant was serving a prison term for rape charges originating in 1986 and the State did not seek to have the defendant classified as a sexual predator or habitual sexual offender under Megan's Law until 2014); *State v. Nelson*, 8th Dist. Cuyahoga No. 101228, 2014-Ohio-5285, ¶ 2-4, 15 (upholding a defendant's classification under Megan's Law where the defendant was serving a prison term for rape charges originating in 1978 and 1989 and the State requested a classification hearing in 2014 where defendant was classified a sexual predator).

**{¶ 24}** For the foregoing reasons, Gall's Third Assignment of Error is overruled.

## Conclusion

**{¶ 25}** Having overruled all assignments of error raised by Gall, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Amy E. Ferguson
Hon. Gregory F. Singer