[Cite as *State v. Campbell*, 2023-Ohio-1831.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29633 |
| | : | |
| v. | : | Trial Court Case No. 1991 CR 01583 |
| | : | |
| WILLIAM CAMPBELL | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 2, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

WILLIAM CAMPBELL, Pro Se Appellant

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant William Campbell appeals from the trial court's order denying his September 2022 motion to strike, which challenged his designation as a sexual predator in March 2000. For the reasons outlined below, we affirm the judgment of the trial court.

I.    **Factual and Procedural Background**

{¶ 2} In October 1991, Campbell was convicted of rape, robbery, and kidnapping and was sentenced to an aggregate term of 28- to 65-years in prison. While Campbell was still incarcerated, and following the enactment of Megan's Law in Ohio, the trial court scheduled a sex offender determination hearing on March 3, 2000, and Campbell was brought before the court for the hearing. Following the hearing, the trial court designated Campbell as a sexual predator and filed the explanation of duties for Campbell to register as a sex offender. Campbell did not appeal from the trial court's sexual predator designation.

{¶ 3} In August 2022, Campbell filed a motion to dismiss, asking the trial court to deny the State's request for a sexual predator determination and to dismiss further proceedings. The trial court overruled Campbell's motion to dismiss, finding that more than 22 years had passed since Campbell was designated as a sexual predator and that the issues raised by Campbell were barred by res judicata. In September 2022, Campbell filed a motion to strike, again requesting that the trial court vacate his sexual predator designation because it was unconstitutional. In his motion to strike, Campbell argued that the sex offender registry law (Megan's Law) — which related to his sexual predator designation and was applied during his sex offender determination hearing in 2000 — was not in effect at the time of his sentencing in 1991 and was therefore incorrectly applied to him in violation of the retroactivity and ex post facto clauses of the Ohio and United States Constitutions. The trial court overruled Campbell's motion to strike; it again found that the issues Campbell raised should have been raised on direct appeal at the time of his sexual predator designation and thus were barred by res judicata. Campbell

now appeals.

## II.    Assignment of Error

{¶ 4} Campbell's sole assignment of error is as follows:

PLAINTIFF'S [SIC] VIOLATED THE EX POST FACTO LAW WHICH WAS UNCONSTITUTIONAL TO PLACE UNDER THE LAW THAT WAS NOT IN EFFECT WHEN PETITIONER WAS TRIED AND CONVICTED BACK IN 1991.

{¶ 5} A brief history of the sex offender laws to which Campbell refers is worth noting. In 1963, Ohio enacted a sex offender registration statute codified under Chapter 2950 of the Ohio Revised Code. *State v. Gall*, 2d Dist. Montgomery Nos. 26245 and 26240, 2016-Ohio-1562, ¶ 9, citing *State v. Cook,* 83 Ohio St.3d 404, 406, 700 N.E.2d 570 (1998), citing former R.C. Chapter 2950, 130 Laws 669. In 1994, Megan's Law, N.J. Stat.Ann. 2C:7-1 *et seq.,* was first enacted in New Jersey in response to the rape and murder of seven-year-old Megan Kanka.   *Cook* at 405-406. In 1996, the Ohio General Assembly enacted Megan's Law pursuant to Am.Sub.H.B. No. 180, which rewrote R.C. Chapter 2950 and created Ohio's first comprehensive registration, classification, and community notification system for convicted sex offenders. *Cook* at 406*.* The classification provision in Megan's Law under former R.C. 2950.09 became effective on January 1, 1997, while the registration and notification requirements became effective on July 1, 1997. *Id.* Accordingly, at the time of Campbell's sex offender determination hearing in March 2000, the sex offender registration laws in Ohio were set forth pursuant to H.B. 180 under Megan's Law in R.C. Chap. 2950.

{¶ 6} Under Megan's Law, the new classification system in Ohio for convicted sex offenders required a sentencing court to determine whether sex offenders fell into one of the following classifications: (1) sexually oriented offender; (2) habitual sex offender; or (3) sexual predator. *Cook* at 407. Former R.C. 2950.01(E) defined sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." *Id.*

{¶ 7} Campbell contends that he should be relieved of the sex offender registry obligations and that his designation as a sexual predator should be removed because the registry did not apply to him. Specifically, Campbell argues that, at the time he was sentenced in 1991, the sex offender law at issue was not in place and, therefore, his 2000 sexual predator designation was unconstitutional because it was retroactively applied to him in violation of the Ohio and United States Constitutions. In response, the State argues that the issues Campbell now raises are barred by the doctrine of res judicata. We agree.

{¶ 8} It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 17. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St. 2d 175, 180, 226 N.E.2d 104 (1967). Additionally, "[w]here an alleged constitutional

violation could have been raised on direct appeal, and was not, the doctrine of res judicata bars further consideration of the error." *State v. Ogletree*, 2d. Dist. Montgomery No. 11664, 1990 WL 12685, *2 (Feb. 15, 1990).

**{¶ 9}** The basis of Campbell's assignment of error is that the application of Megan's Law at his sex offender determination hearing was ex post facto as to Campbell in violation of his constitutional rights because he was convicted of a sexually oriented offense in 1991 and Megan's Law was not enacted in Ohio until 1996. In March 2000, Campbell was designated by the trial court as a sexual predator and was provided with an explanation of duties requiring him to register as a sex offender. At that time, Campbell did not appeal the trial court's order. Instead, he waited more than 22 years to file a motion to dismiss, requesting that the court deny his sexual predator determination and, when that failed, he filed a motion to strike, arguing that the sex offender law did not apply to him. However, this alleged error, even if meritorious, should have been raised by Campbell on the direct appeal of his sexual predator designation following the 2000 hearing. In other words, Campbell had the opportunity to raise constitutional concerns about his sexual predator designation on appeal but failed to do so, and the doctrine of res judicata bars further consideration of the error at this stage.

**{¶ 10}** Even if the concerns that Campbell now raises were not barred by res judicata, the alleged error raised by Campbell is not meritorious because Megan's Law was remedial in nature and could have been applied retroactively to Campbell without running afoul of the Ohio or United States Constitutions.

**{¶ 11}** After the enactment of Megan's Law, the Supreme Court of Ohio upheld the

retroactive application of the law on multiple occasions against claims that it violated the ban on retroactive laws in Article II, Section 28 of the Ohio Constitution and the ban on ex post facto laws in Article I, Section 10 of the United States Constitution. *Gall,* 2d Dist. Montgomery Nos. 26245 and 26240, 2016-Ohio-1562, at ¶ 10, citing *Cook,* 83 Ohio St.3d 404, 406, 700 N.E.2d 570; *State v. Williams,* 88 Ohio St.3d 513, 516, 728 N.E.2d 342 (2000); *State v. Ferguson,* 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110. We explained in *Gall*:

> In *Cook,* the Supreme Court found a clear legislative intent for Megan's Law to be applied retroactively and explained that purely remedial statutes, such as Megan's Law, may be applied retroactively without running afoul of the constitutional ban against retroactive and ex post facto laws. *Id.* at 410-423. Despite the fact that Megan's Law increased the frequency and duration of reporting beyond what was required by prior law, the Supreme Court determined its provisions only "us[ed] past events to establish current status" and constituted "de minimis procedural requirements" that were necessary to achieve the legislature's remedial purpose of protecting the public from sexual offenders. (Emphasis deleted.) *Id.* at 412. Accordingly, the court concluded that because the retroactive application of Megan's Law was not punitive, but remedial, it did not violate the constitutional ban on retroactive and ex post facto laws.
>
> In *Ferguson,* the Supreme Court considered the same claims in *Cook* that were made in light of amendments to the law in 2003. Despite

significant changes wrought by the amendments, the Supreme Court rejected the claim that the amendments were punitive and once again concluded that Megan's Law established a remedial, regulatory scheme that did not violate the ban on retroactive and ex post facto laws. *Ferguson* at ¶ 32-39 (finding "an offender's classification as a sexual predator is a collateral consequence of the offender's criminal acts rather than a form of punishment" and "[t]he more burdensome registration requirements and the collection and dissemination of additional information about the offender as part of the statute's community notification provisions were not born of a desire to punish[;]" rather, "it is a remedial, regulatory scheme designed to protect the public rather to punish the offender").

*Id.* at ¶ 11-12.

**{¶ 12}** Relying on the foregoing precedent, this court has repeatedly recognized that the retroactive application of Megan's Law was not a constitutional violation. We have consistently held that the sex offender classification, registration, and notification provisions under Megan's Law applied to defendants who committed their offense prior to the enactment of Megan's Law. *Gall* at ¶ 15, citing *State v. Lay,* 2d Dist. Champaign No. 2012-CA-7, 2012-Ohio-4447, ¶ 6–8; *State v. Grimes,* 2d Dist. Montgomery No. 25375, 2013-Ohio-2569, ¶ 4; *State v. Czaplicki,* 2d Dist. Montgomery No. 25252, 2013-Ohio-1366, ¶ 4-6. Accordingly, the trial court did not err in applying Megan's Law at Campbell's sex offender determination hearing even though Campbell had committed his sexually-oriented offense before Megan's Law went into effect. The law is clear that

Megan's Law could be applied retroactively and that it was not an ex post facto law.

{¶ 13} Campbell's sole assignment of error is overruled.

### III. Conclusion

{¶ 14} Having overruled Campbell's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and LEWIS, J., concur.